T. F. McKennon, *Administrator,* v. H. W. Pentecost, *Receiver.*

(Filed Feb. 11, 1899.)

1. Receiver—*Donating Use of Property.* A receiver is vested with discretion to manage and control the property intrusted to him in such manner as an ordinarily prudent business man would manage and control his own property. A receiver ought not to have been required to pay the trust for the use of an opera house on occasions when he had donated its use for charitable, benevolent, and social purposes, where he received nothing for its use, and it is not shown that he would have received anything therefor, or that the property would have been used on those occasions, to the benefit of the trust, had he required compensation for such use, and where it is customary for ordinarily prudent owners of like property to occasionally donate the use of the same to like purposes.

2. Appeal—*Review—Findings of Fact.* Where an issue of fact is tried by a court without a jury, and a general finding is made upon such issue by the court, upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain tne general finding, and, if there be any evidence to sustain such finding, is conclusive upon this court upon all disputed and doubtful questions of fact.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*Cotteral & Hornor,* for paintiff in error.

*Asp, Shartel & Cottingham, S. L. Overstreet, Fred. M. Elkin,* and *George S. Green,* for defendant in error.

In the matter of the settement of the accounts of Harry W. Pentecost, receiver. T. F. McKennon, administra-

tor of the estate of Francis R. McKennon, brings error. Affirmed.

Opinion of the court by

TARSNEY, J.: This proceeding arises out of an exception in a receiver's report. On July 28, 1894, defendant in error, Harry W. Pentecost, was appointed receiver in the case of *Francis R. McKennon v. Harry Colton et al.*, in the district court of Logan county. As such receiver, he had charge and management of the McKennon Opera House, in the city of Guthrie. On June 26, 1897, he filed his final report as receiver in the cause; setting forth his receipts and expenditures in the management of said property, asking compensation for his services, and that he be discharged as receiver. Plaintiff in error, T. F. McKennon, who, as administrator of the estate of Francis R. McKennon, deceased, was plaintiff in the action wherein said receiver was appointed, excepted to the report of the receiver, and the district court appointed a referee to make an accounting. On July 26, 1897, the referee made his report, finding that the receiver was indebted to the trust in the sum of $467.30. The referee charged the receiver with $110 for the use of the opera house for the eleven nights that such use had been donated by the receiver for charitable, benevolent, and social purposes, and for which he had not charged or received any compensation. Plaintiff in error filed his motion to affirm the referee's report, and defendant in error filed his motion to set the same aside, and asking the court to make him an allowance as compensation for his services. These motions and applications were heard together. On the hearing, the court, after receiving evidence as to the services performed by the receiver, and the value of such services,

set aside that part of the referee's report charging the receiver with $110 for the use of the opera house so donated, and affirmed the report in all other respects. Thereupon the court ordered that the receiver be allowed $357.38 for his services; being the amount found against him by the referee, less the $110 disapproved by the court.

I. The first contention of plaintiff in error is that the court erred in allowing the receiver any compensation for his services; that the evidence established that the receiver had been unfaithful to his trust, neglectful of his duty, and exercised bad faith in the conduct of the trust, and that he kept no proper accounts, and charged to the trust items of personal expense in no wise connected with the trust; and that a receiver who has been unfaithful to his trust is not entitled to compensation.

We are cited to *United States Nat. Bank v. National Bank of Guthrie*, 6 Okla. 163, 51 Pac. 124, wherein it is said: "Upon the point of the compensation of a receiver, the rule is well established that it will only be allowed when he has not neglected his duty or exercised bad faith in the conduct of the trust, or committed a breach of his obligation in any way, and that it will not be allowed in a case of gross neglect or unfaithfulness, as where he has kept no proper accounts, and has put the trust to a great deal of trouble in determining his rights, and that, if he neglects and wilfully mismanages the trust estate, he cannot recover compensation for his services." Conceding the correctness of this rule, the question of the faithfulness or unfaithfulness of the receiver—whether he has neglected and wilfully mismanaged the trust—is a question of fact for the court to determine. This question of fact was determined by the court below upon oral tes-

timony.   Where an issue of fact is tried by a court without a jury, and a general finding is made upon such issue by the court, upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and, if there be any evidence to sustain such finding, is conclusive upon this court upon all disputed questions of fact.   (*Tootle v. Brown,* 4 Okla. 612, 46 Pac. 550; *United States Nat. Bank v. National Bank of Guthrie,* 6 Okla. 163, 51 Pac. 119; *Penny v. Fellner,* 6 Okla. 386, 50 Pac. 123; *Gillett v. Murphy,* 7 Okla. 91, 54 Pac. 413; *City of Guthrie v. Shaffer,* 7 Okla. 459, 54 Pac. 698.)   This rule precludes us from disturbing the order of the court below as to the allowance for compensation made to the receiver.

II.  The conclusion of the court below, that the receiver ought not to be charged with the use of the property donated by him for the purposes stated, ought not to be disturbed unless the court below would be warranted in finding that such donation of the use of the property was an abuse of the direction vested in the receiver to manage and control it for the best interest of the trust.   We cannot concur in the doctrine that a receiver has no discretion to handle the property intrusted him in such manner as an ordinarily prudent business man would do concerning his own property.  If courts assume to run business affairs, and to take property out of the hands of the owners and manage it for them, then they should manage it upon business principles, and as would prudent owners; and a receiver ought not to be deterred from donating the use of the property in his charge, without compensation, to purposes to which a prudent owner would donate its use.   It is not unusual, nor is it considered imprudent,

for owners of theatrical and other halls for public assemblies to occasionally donate the use thereof for charitable, benevolent, or social purposes, or for the public to assemble to consider matters of public welfare. Such use is often donated as a means of advertising and popularizing such places of public assembly. It is not contended that the receiver charged or received anything for the use of the property on the occasions in question, or that he would have received any, or that the property would have been used on those occasions to the benefit of the trust, had he required compensation for such use.

We find no reason to disturb the order of the court for either of the reasons urged by the plaintiff in error. Judgment affirmed.

All of the Justices concurring.