## INTERSTATE MORTGAGE TRUST CO. v. CUNNINGHAM.

No. 9571—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

1. **Pleading—Prayer—Judgment.**

Under a prayer for general relief the court may grant any relief that the facts stated will warrant, although such relief be inconsistent with the special relief prayed for.

2. **Mortgages — Foreclosure Decree — Payment of Taxes.**

Upon motion of plaintiff or when the court's attention is called to the fact that taxes are due upon the property that is being foreclosed, the court should in its decree direct that after deduction of cost of sale the first proceeds of the sale be applied to the payment of taxes that may be due upon the property being foreclosed.

3. **Clerks of Courts—Duties and Liabilities—Mortgage Foreclosure—Payment of Delinquent Taxes.**

In the instant case the court in its decree directed that the taxes on the property be paid out of the proceeds of the sale of the property being foreclosed. The clerk paid the

taxes and penalty as shown due by the treasurer's tax roll. In the trial of the cause there was no evidence that the names of the mortgagors appeared upon the tax rolls, but there was evidence that the mortgagors had not been notified as required by section 7389 of Rev. Laws 1910, requiring notice to be given to those whose names appear of record of the amount of taxes, when due and delinquent. The plaintiffs contend that the clerk is held to a strict accountability and that judgment should go against him and his sureties for the amount of penalty by him paid. Held, that the burden is on plaintiffs to prove that their names appear upon the tax rolls chargeable with the taxes on this property, and that this burden has not been met; further held, that if the clerk exercised his discretion carefully and in good faith and he acted as an ordinarily prudent man would under like circumstances, then there is no personal liability on him for the amount of penalty paid by him.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by Beulah B. Cunningham and another against the Interstate Mortgage Trust Company and others. From the judgment, both plaintiffs and defendants appeal. Affirmed in part and reversed and remanded in part, with directions to the trial court.

W. C. Stevens and E. L. Richardson, for plaintiffs in error.

Turner & McAdams, for defendants in error.

HIGGINS, J. The plaintiffs in error will be referred to as defendants, and defendants in error will be referred to as plaintiffs; they so appearing in the trial court.

On the 16th day of August, 1910, Solomon M. Cunningham and Beulah B. Cunningham executed a note to the Interstate Mortgage Trust Company and at the same time, as a security for the payment of the same, executed a mortgage on certain real estate situated in the city of Lawton, Oklahoma, stipulating therein that they would pay the debt and taxes due for 1912, 1913, and 1914. November 3, 1915, suit was brought by the mortgagee for judgment on the debt and to foreclose the mortgage on the property. In the petition there is alleged the default in payment of the mortgage and taxes, and there is added thereto a prayer for general relief. Personal service was had upon the mortgagors, and they made default. A judgment was entered against them for the indebtedness due upon the note and a decree entered foreclosing the mortgage wherein the court ordered and directed that out of the proceeds of the sale the money derived therefrom be directed to the payment of court costs, taxes, mortgagee's judgment, and the balance to be applied as the court might direct.

Under this decree and in conformity therewith, an order of sale was directed to the sheriff, who executed the same and paid the proceeds thereof to the court clerk. The court clerk, R. B. Compton, one of the defendants herein, disbursed the proceeds of this sale in conformity with the decree, and one of the acts performed by him was to pay the taxes on the property, together with penalty due for the years 1912, 1913, and 1914.

The plaintiffs to this action seek to amerce the court clerk, R. B. Compton, and to secure judgment against his surety for the sum he paid the county treasurer as taxes on the property covered by the mortgage. The judgment of the trial court was in favor of the defendants for the principal sum of taxes due, but amerces the clerk for the amount of the penalty paid by him to the county treasurer. Both parties appeal to this court.

Defendants assign as error that the court erred in rendering judgment against them for the amount of penalty on taxes paid by the clerk. The plaintiffs assign as error the judgment of the court wherein he finds in favor of the defendants the principal sum of the taxes due and paid by the clerk to the county treasurer.

The plaintiffs do not contend that the taxes in the principal sum were not due and payable or that there was any just reason why they should not pay the same as required by law and the terms of their bond. They contend that the court was without authority to require the clerk to do so and for that reason they are entitled to amerce the clerk to pay to them out of his personal means the principal sum he, under the order of court, had paid out for them.

The petition for the foreclosure set forth the fact that taxes were due and unpaid in violation of the terms of the mortgage. In the prayer of the petition it is asked "that plaintiff have such other and further relief as to the court may seem just and equitable."

In Ardmore Nat. Bank v. Briggs et al., 20 Okla. 427, 94 Pac. 533, it is stated:

"Under a prayer for general relief the court may grant any relief that the facts stated will warrant, although such relief be inconsistent with the special relief prayed for."

In Updyke v. Crawford et al., 19 Kan. 604, it is stated:

"In an action on a promissory note and real estate mortgage, where there are taxes due on the mortgaged property, the court should,

on the application of the plaintiff, in rendering the judgment on the note and mortgage, order that the taxes due on such mortgaged property be first paid out of the proceeds of the sale of such mortgaged property."

Taxes are a paramount lien upon property, and courts of equity in foreclosing a mortgage have full power to ascertain the liens upon the property and their priority. The life of government is sustained by the payment of taxes, and it is the duty of a court of equity to order taxes delinquent to be paid when its attention has been called thereto.

We find no error in that part of the decree directing the taxes in question to be paid.

The next question to be raised is whether or not the plaintiffs in this action may recover from the defendants the penalty paid by the court clerk upon taxes delinquent. At the time these taxes were due, it was the duty of the county treasurer to notify the taxpayer whose name appeared on his record of the amount of his taxes and when the same would become due and delinquent. Section 7389 of Rev. Laws of 1910. In City National Bank v. Gayle, 55 Okla. 301, 155 Pac. 552, this court held that no penalty attached without this notice. It is contended by the plaintiffs to this suit that they should recover from the defendants for the amount of the penalty paid by the court clerk to the county treasurer, for the reason they had not been notified by the county treasurer of the amount of taxes due as required by section 7389, supra. This notice is only required to be given to one whose name appears of record. There is no evidence that the names of the plaintiffs herein appeared of record, but there is evidence that they were not notified of the amount of the taxes to become due. The burden is on the plaintiffs to prove their nonliability for the taxes due. 37 Cyc. 1291. The burden is upon them to prove that their names were on the tax rolls and that they had not been notified. The presumption is that the treasurer did his duty and notified the one whose name appeared of record when the tax became due.

In this case, however, there is no contention other than that the court clerk in the payment of penalty did so in good faith and in the honest discharge of his duty as he saw it under the orders of the court. He acted on the presumption that the treasurer had done his duty in notifying the one whose name appeared upon the tax rolls as the owner of the property. The plaintiffs in this suit had personal service served on them. They made no protest in the action in regard to the taxes or any portion of same, and stood idly by until the sale was made and the clerk in conformity with the decree of the court had paid the same and thus did what the law and their bond required of them; they then bring this suit to recover the taxes and penalty out of the personal means of the clerk.

This condition has been brought about by the failure of the plaintiffs to pay their taxes as by law and contract required. In order that the state may receive its just revenues the court was required to provide for the payment of the taxes on the property involved, and in accordance with the decree of court the burden of paying these taxes fell upon the clerk.

Many of the acts of a clerk are based on the presumption that some other officer has done his duty as by law required. In receiving the money from the sheriff in this case the clerk did so under the presumption and belief that the court had entered a valid decree and the sheriff had sold the property in a manner directed by law, and in the payment of the taxes as decreed by the court he did so under the presumption that all officials had discharged their complete duties in reference to same.

We are not favored with the citation of any authority as to the duty of the clerk under the facts in the instant case. Section 5327 of Rev. Laws 1910 authorizes the clerk to receive money in payment of the judgment, and the order of the court directs him how to disburse it. Now what is his duty in disbursing this money where there is any discretion left to him? Is he held to a strict accountability, or merely for acts of negligence or a failure to act in good faith, under the facts and circumstances of the case?

In the instant case the clerk, under the statute, is required to accept the money. There is no statute fixing his duty in the disbursing of the same. The decree of the court fixed his duties in reference thereto. In following the decree of the court it would appear to us that his duty was largely the duty of a receiver.

23 Am. & Eng. Ency. of Law, 1064, states:

"Receivers have a certain amount of discretionary power in the management and control of the property intrusted to their care. If they exercise this discretion carefully, and in good faith, they will be sustained by the court. The extent of discretion which a receiver has depends mainly on the circumstances of the case."

Again, at pages 1096 and 1097, it is stated:

"A receiver is liable to any person who sustains loss by reason of the receiver's negligence or misconduct with reference to the receivership of property. Where, however, a

receiver acts with caution, and for what, in his judgment, is for the best interest of the estate, and a loss occurs without any fault on his part, he will not ordinarily be liable for the loss. Nor will a receiver be held liable where the loss occurs by reason of the fault of the parties in interest, and not of the receiver."

McKennon v. Pentecost, 8 Okla. 117, 56 Pac. 958, states:

"A receiver is vested with discretion to manage and control the property intrusted to him in such manner as an ordinarily prudent business man would manage and control his own property."

In this case, if the clerk, acting in good faith, was endeavoring to carry out the order of the court in the payment of taxes together with the penalty, and if the amount of taxes appeared regularly upon the rolls and he acted upon the presumption that the treasurer had done his duty in regard to giving notice and there was nothing appearing to the contrary, then we would believe and find that the clerk had exercised a careful discretion, and his acts should be by the court sustained. We do not believe it was the duty of the clerk in the instant case to ascertain if all steps had been properly taken to assess, levy, and collect this tax. He is merely charged with what an ordinarily prudent man under like circumstances would have done if similarly situated. Any rule to the contrary would fix a liability so great that the holding of public office and the discharging of official duty would be prohibitive.

That part of the judgment wherein the court held that the defendants in this action were not liable for the principal sum of the taxes paid by the clerk is affirmed. That part of the judgment wherein the court held that the defendants were liable for the amount of the penalty upon the delinquent taxes is reversed and remanded, with directions to the trial court to proceed in accordance with the views expressed in this opinion.

OWEN, C. J., and PITCHFORD, BAILEY, and McNEILL, JJ., concur.