## WATCHORN v. WATCHORN.

No. 14889—Opinion Filed June 17, 1924.

(Syllabus.)

**1. Divorce—Time for Appeal—Division of Property.**

In this action, a decree of divorce was rendered the defendant on the allegations of her cross-petition June 22, 1922, reciting, however, that the same did not become effective until six months thereafter. The decree further provided that a division of the property should be made equitably and equally, but made no provision that the decree should not become final until the property was actually set aside to each party by the commissioners agreed on and appointed by the court. Held, that the appointment of the commissioners to divide the property equally between the parties and report their action to the court did not prevent the running of the statutory time for appeal.

**2. Same.**

June 12, 1923, a petition was filed in this cause to vacate the judgment of June 22, 1922, as to the division of property, and the failure of the decree to grant alimony to the defendant, which petition the trial court denied, and this appeal is taken therefrom. This appeal was filed in this court November 12, 1923. Held, that if the divorce decree had been held in abeyance until the division of property as made by the commissioners was approved, as it was June 12, 1923, and the appeal lodged in this court November 12, 1923, more than four months after the judgment and motion for new trial was overruled, the same gives this court no jurisdiction.

**3. Same—Review—Insufficiency of Petition in Error.**

Where a petition in error seeks to reverse a judgment denying a petition to vacate a judgment fixing property interest in the respective parties, and a divorce proceeding on an alleged ground of fraud, and there is nothing in the petition in error which raises the question that the judgment of the trial court is clearly against the weight of the evidence, there is nothing in this court to review, even conceding the appeal was filed therefrom within the statutory time.

**4. Same—Divorce on Cross-Petition for "General Relief"—Finality.**

A cross-petition in a divorce action which sets out grounds for divorce, for a division of property, etc., and prays for same, and "for general relief," is sufficient to authorize the trial court to grant a divorce, and if done and no appeal is taken therefrom, as approved by law, it is a finality. Appeal dismissed.

Error from District Court, Creek County; John L. Norman, Judge.

Action by H. M. Watchorn against Lou Watchorn. From the judgment defendant brings error. Dismissed.

McDougal, Allen & Pryor, for plaintiff in error.

C. B. Rockwood, D. W. Walker, and West & Petry, for defendant in error.

BRANSON, J. This cause is now on a motion to dismiss the appeal. The record presents a mongrel proceeding in this court. In order to understand it, it is necessary to observe the character of the pleadings, the contents of the judgments entered by the trial court, and the dates of each, together with the date on which the appeal was filed in this court. They will be set out chronologically. The nature of this action was one for divorce, instituted by H. M. Watchorn against the defendant, Lou Watchorn. Although they appear in this court in the reverse order, they will be referred to as plaintiff and defendant, as they appeared in the trial court.

On March 3, 1922, the plaintiff filed his petition in the district court of Creek county, which prayed for a divorce. On April 13, 1922, the defendant, Lou Watchorn, filed her answer and cross-petition, in which she prayed for a division of the property, alimony and support, suit money, and "all other proper relief." In her answer and cross-petition, the defendant set up grounds for divorce, as against the plaintiff. In the cross-petition, the defendant set out the character of the property and the description thereof, owned by the plaintiff, among which was a piece of property owned at the institution of the action, in the name of the plaintiff, but shortly thereafter conveyed to one Whitehead. After reply was filed, the suit came on for trial before Hon. John L. Norman, district judge, on June 22, 1922, and at the conclusion of the evidence, the trial court made specific findings of fact (Record, page 186) and conclusions of law. The court concluded that the plaintiff was not entitled to a divorce as against the defendant, but—

"That the defendant, under her cross-petition, is entitled to a decree of divorce from the plaintiff, upon the grounds of abandonment, as hereinabove found, which abandonment the court finds to have existed for more than one year prior to the institution of this suit.

"The court concludes that the real estate in this action should be divided equally between the parties, and for the purpose of making a just and equitable partition or division in kind of such real estate, by agreement of counsel, the court appoints J. A. Boyd, H. E. Whitehead, and W. E. Loucks as commissioners; said commissioners will proceed without unnecessary delay to perform such duties, and report their action back to the court for approval," etc.

After making said findings of fact and conclusions of law, the court signed a formal journal entry as of June 22, 1922, but which the record disclosed was not actually filed in the district court until December 30, 1922. After the formal parts of the decree, the court sets out that at the conclusion of the trial, request was made that the court make special findings of fact and conclusions of law, and that these findings of fact and conclusions of law are made a part of the decree. The decree further recites that the plaintiff was not entitled to the divorce, and then recites:

"It is therefore ordered and directed by the court that the defendant, Lou Watchorn, be, and she is hereby, given judgment of absolute divorce of and from the plaintiff, H. M. Watchorn."

Then the court sets out the real estate found to be owned, and describes the same, and as to which real estate he ordered an equal division between the parties. The purpose of the commissioners was merely to adjust it equitably and to report their action to the court. The decree further directed that the plaintiff pay the defendant's attorney fees, and further provided:

"It is further ordered that this decree shall not be in full force and effect until the expiration of six months from the date thereof."

There is nothing in this judgment suspending the finality thereof until the report of the commissioners was affirmed.

The decree then recites that the defendant, Lou Watchorn, objected to the granting of a divorce to her, and stated that she did not want a divorce. On the 12th day of June, 1923, or nearly a year after the entry of the above judgment and decree, the defendant filed in this cause what is denominated a "petition," in which she states that this cause was heard in this court on the 22nd day of June, 1922, and upon that hearing the court decreed an equal division of the property belonging to the plaintiff and the defendant, and appointed commissioners to divide the property, but that no allowance for support and maintenance of defendant was made out of the income of the plaintiff from the time plaintiff abandoned defendant in 1919, and no allowance was made for future alimony and support of the defendant. That on trial of the cause, plaintiff testified to certain state of facts which constituted a fraud on the court, and procured the judgment of the court (of June 22, 1922) on the question of alimony and support by misrep-

resentation and fraud. The said petition concluding:

"Premises considered, petitioner prays that the judgment of this court awarding a division of said property be vacated and set aside, and that petitioner be granted a fair and just division of all the property owned by plaintiff and defendant, including property sold by the plaintiff since the separation of plaintiff and defendant, and that she be granted a reasonable allowance for support and alimony out of the income of plaintiff from the time he deserted and abandoned defendant in May, 1919, and that she be granted a reasonable allowance against said plaintiff for future alimony and support."

This petition was heard by the trial court on the date on which it was filed, to wit, June 12, 1923, and on said date, the trial court entered an order, preliminary to which the judge stated:

"In the division of the property rights, the court has appointed commissioners suggested and agreed to in open court by both parties, and in whose integrity and ability to do the duties enjoined upon them the court has confidence. It seems like there has been some kind of an obstacle every step taken in this cause. So far as the court is concerned, it will be satisfactory to let the matter remain just where it is, knowing no better way that he can dispose of it. * * * Therefore, it is the judgment of the court that the petition of the defendant filed herein on this date, to vacate and set aside the previous order of this court with reference to the property rights of the plaintiff and the defendant be, and the same is hereby denied. * * * It is the further order of the court that the exceptions of the plaintiff filed herein to the majority report of the commissioners be and the same is hereby overruled. * * * It is the further order of the court that the majority report of the commissioners * * * making a division of the real estate between plaintiff and defendant be, and the same is hereby, in all things approved and made the judgment of this court.

"It is the purpose of the court to deny the prayer of the petition filed by the defendant herein on June 12, 1923, and it is so ordered."

At which juncture, the attorney for the defendant in open court said:

"The defendant prays an appeal, and gives notice of an appeal in open court, but we will show that in the journal entry. Our appeal is intended to go to the entire case and to all questions involved in the original case, including the question of divorce."

The report, which was confirmed, made a division of the real estate pleaded by the defendant in her cross-petition, and, among other things, directed that the plaintiff pay $2,500 in cash, which the commissioners found was necessary to equalize the division of lot 1, block 51. This $2,500, which became a part of the judgment, was paid and satisfied of record by the defendant, Lou Watchorn, on the 2nd day of August, 1923. The petition in error, with the record of the divorce proceeding, and the record of the petition to vacate and set aside the order, in so far as it affected the property divided, was filed in this court on November 12, 1923, and the petition in error recites:

"Comes now the plaintiff in error in the above entitled cause, and petitions this court to set aside, vacate and hold for naught, a certain judgment rendered in the district court of Creek county, Oklahoma, on the 12th day of June, 1923, for errors committed by the trial court," etc.

The material assignments of error are as follows:

"That the division of the property as described by said judgment is inequitable and unjust to the defendant, and the division thereof is not supported by the evidence. (It must be noted that the order of the court directing the division of the property and specifically describing the property was contained in the judgment of June 22, 1922, and not in the judgment of June 12, 1923 —Ours.)

"That the court erred in not taking into consideration in the division of the property sold by the plaintiff said property belonging jointly to the plaintiff and the defendant for the sum of $5,500, and the proceeds of which the plaintiff appropriated to his own use and benefit, and erred in not taking into consideration the fact that for several years the plaintiff has been earning a salary of $400 per month, and has contributed no part of said salary to the support and maintenance of the defendant. (It must be noted that the questions raised by these assignments were not questions raised originally by the petition, supra, filed June 12, 1923, but were matters pleaded and at issue for determination, and determined by the judgment and decree of the court of June 22, 1922—Ours.)

"That the court erred in granting the defendant a divorce from the plaintiff, in that she had not in her cross-petition asked for a divorce, and only asked for a division of property and separate maintenance and support. (It must be noted that this matter was not drawn in issue by petition of June 12, 1923, but this was a question directly in litigation under the issues joined and determined by the decree of June 22, 1922—Ours.)

The petition in error concludes:

"The plaintiff in error prays that this

court set aside the judgment of the district court of Creek county, granting a divorce to said plaintiff in error, and that said cause be remanded, with instructions. Plaintiff prays for all other or definite relief to which she may be entitled to in this court. (It must be noted that in the complaining part of the petition in error, complaint is made solely of the judgment of June 12, 1923, but the prayer is that this court set aside the judgment of divorce which was rendered June 22, 1922—Ours)."

The above discloses briefly the condition of the record as it appears in this court. The relief granted in the decree of June 22, 1922, was to the defendant Lou Watchorn on her cross-petition. She did not except to the findings of fact and conclusions of law or to the journal entry of the judgment entered in said cause, but the plaintiff did except to it, and he had a right of appeal from the judgment refusing him a divorce, and to lodge the same in this court within the statutory period of four months. The record fails to disclose that any objection was ever entered to the finding of the trial court that the defendant was entitled to a divorce, until about the time the journal entry was filed in this court, to wit, December 30, 1922, which was then made to show that the defendant objected to a divorce, but only wanted a division of property, alimony, etc. No appeal from this judgment was filed in this court within the statutory time. And, although the petition in error recites that the defendant complains of the judgment rendered the 12th of June, 1923, its assignments of error go to matters presented to the court, and fully determined by the court in the decree of June 22, 1922. The defendant has filed a brief in this cause in opposition to the motion to dismiss, which undertakes to interpret the petition in error:

"Defendant below, Lou Watchorn, is not appealing from the division of the property as made by the commissioners, and the $2,-500 which was awarded by the court and paid to her by H. M. Watchorn, given for the purpose of making the property which she received in the division equal in value to that awarded the plaintiff, H. M. Watchorn. Neither party is appealing from the division that was made by the commissioners of the property which they were ordered by the court to divide, but defendant, Lou Watchorn, is appealing from the action of the court in refusing to grant her alimony and support, and is also appealing from the action of the court in refusing to require plaintiff, H. M. Watchorn, to account to her for her one-half interest in the property which he sold after the institution of his suit and before the trial of the cause. These matters are en-

tirely separate and distinct from the division of the property by the commissioners and from the decree of the court confirming said division. * * *

"Plaintiff in error, Lou Watchorn, as has been stated, did not appeal, and was not required to appeal from the void and unauthorized decree of the court that undertook to force a divorce upon her, but she is appealing from the decree of the court which refused to set aside said void decree on her motion. Said decree, being void, could be attacked at any time, and in any manner, and it was the duty of the court below to set aside and declare void said property decree."

This interpretation being placed upon the appeal by the appellant, it cannot be other than fair to her, in considering the motion to dismiss, to interpret the allegations of the petition in error as measured by the intention therein set forth in her brief. The last paragraph of the said quotation says that Lou Watchorn is not appealing from the decree of the court granting a divorce (decree of June 22, 1922), but is appealing from the refusal of the court to vacate the decree; while the petition in error states, as to this, that the court erred in granting the defendant a divorce from the plaintiff.

We do not understand what the defendant means in her brief that she is appealing from the decree of the court which refused to set aside said void decree on her motion. The record fails to disclose that she filed any motion in this cause of any character prior to June 12, 1923, the substance of which is set out, together with the prayer, supra, and there is nothing in this pleading or in the prayer which in any wise attacks the divorce decree, but merely goes to the property interests. But it appears in the briefs that the contention is that under the prayer of the cross-petition, the court had no power to enter a decree of divorce in favor of the defendant. We think this contention is entirely without merit. The prayer set out, supra, in addition to specific relief, prayed for general relief. Such a prayer warranted the trial court in entering a decree for divorce. 31 Cyc., "Pleadings," page 111; Nelson v. Nelson (Wash.) 106 Pac. 138; Interstate v. Cunningham, 78 Okla. 62, 188 Pac. 1081; Fraley v. Wilkinson, 79 Okla. 21, 191 Pac. 156; Security Nat. Bank v. Geck, 96 Okla. 89, 220 Pac. 373; Gate City v. Green (Kan.) 170 Pac. 380.

This question could only have been raised by a petition in error with case-made attached, filed in this court within the statutory period. This not having been done, and

no reference made in any motion filed as to vacating or setting aside his decree of divorce, there is nothing in this assignment of defendant's petition in error.

The next assignment, considering them in the inverse order in which they are stated. supra, is that the court erred in the division of the property in not taking into consideration $5,500, the proceeds of property sold to one Whitehead, after the institution of the suit. This was a matter drawn directly in litigation by the pleadings, and was determined adversely to plaintiff's contention, although not expressly set forth in the judgment of June 22, 1922.

Having in the pleadings and in the record all the facts before it, the trial court had power, under section 4969, Rev. Laws 1910, to make a fair and equitable division of the property, and the decree specifically set out the property ordered to be divided equally, which was a finding against the contention of the plaintiff as to other relief sought by the pleadings. No appeal was taken from this judgment within the time provided by law. No mention or reference is made to this proposition in the petition filed herein June 12, 1922, except in a vague way, in the prayer of the petition. At the time said petition was filed, the prior judgment had long since become final, no appeal being taken therefrom.

The other assignment in the inverse order mentioned, supra, is to the effect that the division of the property is inequitable and unjust. That seems to have been entirely waived by the declaration set out, supra, in defendant's brief, which is in substance that neither party is appealing from the division that was made by the commissioners of the property which they were ordered by the court to divide.

The other assignment, which is that the judgment is contrary to evidence and law, is also waived, for that the defendant in her brief states, in addition to the matters specifically pointed out, that she is appealing from the action of the court in refusing to grant her alimony and support. The question as to whether she was entitled to alimony and support, in addition to an equitable division of the jointly acquired property, was a matter before the court under the pleadings, and the evidence, June 22, 1922, and the decree as entered therein was determinative as to all issues thereby presented, and this judgment was final at the time the petition was filed June 12, 1923, for no appeal was taken therefrom. And since, as shown by the brief, the assignments as to alimony and support are not based upon any allegation that the finding of the trial court that the prior judgment was not secured by fraud upon the court, was contrary to the weight of the evidence presented in the trial on said petition, but is an effort to draw into question the judgment of June 22, 1922, against which the time for appeal had long since run. there is nothing in this allegation of error.

The assignments of error as interpreted by the brief of the defendant, going only to matters growing out of a judgment which had not been appealed from within the statutory period the application for leave to file motion to dismiss the appeal should be granted and sustained, and the appeal dismissed.

JOHNSON, C. J., and NICHOLSON, HARRISON, LYDICK. WARREN, and GORDON, JJ., concur.