**DELONG et al. v. MASON.**

No. 28364. Oct. 18, 1938.

John E. Luttrell and Del Val Dale, for plaintiffs in error.

John Steele Batson and R. O. Smith, Jr., for defendant in error.

DAVISON, J. This action was commenced on the 29th day of January, 1936, by Will Mason, as plaintiff, against Murle Delong and the New Amsterdam Casualty Company, as defendants, to recover the sum of $316.-65. The plaintiff was successful in the trial court, and the defendants appeal, appearing herein as plaintiffs in error. We shall refer to the parties as they appeared in the trial court.

Will Mason was one of several defendants in a partition suit previously filed in the district court of Cleveland county. The land involved was sold pursuant to a decree of the court and proceeds of sale received by the defendant Murle Delong, court clerk of Cleveland county. Mr. Mason was entitled to receive $316.65 of the money thus ·deposited. When he appeared to claim the money, payment thereof · was refused on the ground that the sum had already been paid to another who claimed to be Will Mason, and whom the clerk, after inquiry, was led to believe was Will Mason. This action was then instituted against the clerk and the surety on his official bond.

On the trial of the cause, the plaintiff presented his case on the theory that the defendant court clerk was under an absolute duty to deliver to him the money to which he was entitled. The defendant urged as a defense that the clerk was only held to exercise due and proper diligence in ascertaining the identity of an individual claiming to be entitled to the fund, and that, if such diligence were used, the clerk was absolved from liability to the true owner even though the money had been paid to an impostor. In support of the de-

fense, evidence was offered tending to establish the diligence asserted to have been exercised.

The trial court adopted the view of the plaintiff, and at the close of the evidence directed a verdict in his favor, upon which judgment was entered.

In presenting their case on appeal, the defendants say that "Murle Delong, as court clerk, was not an insurer of the funds held by him in his official capacity, but that he held such funds as bailee only; that as bailee and not as insurer of such funds he was charged only with the duty of exercising reasonable care in safeguarding it." The plaintiff, on the other hand, asserts that "clerks of courts having the liability of a bailee with regard to funds held in their official capacity are absolutely liable for misdelivery of said funds, irrespective of negligence."

The parties are thus in agreement that in this case the liability of the clerk is to be determined upon consideration of the law of bailment. See Purcell Bank & Trust Co. v. Byars, 66 Okla. 70, 167 P. 216, and also see 11 C. J. 900; 10 Am. Jur. 950.

The defendants point out that a bailee is only held to exercise ordinary care for the preservation of the thing bailed (citing section 9553, O. S. 1931; Kesterson & Telle v. Marlow, 61 Okla. 255, 161 P. 186; 6 C. J. 1121, section 61-a, 6 C. J. 1140; 3 R. C. L. 96) and assert that under the rule thus invoked their liability depends upon whether the court clerk was negligent in failing to ascertain that the first claimant to whom the money was paid was an impostor.

The argument ignores the distinction between the duty to care for the thing bailed during the period of the bailment and the duty to deliver the thing bailed to the proper person in order to terminate the bailment. With respect to the latter, the law imposes an absolute duty. The rule is stated in 6 Am. Jur. 299, par. 211, in the following language:

"It is the uniform rule, supported by the settled weight of authority, that a delivery of bailed property by the bailee to one not the true owner and not authorized by the bailor to receive it is, of itself, a conversion and a breach of the contract of bailment for which the law imposes an absolute liability upon the bailee for loss or damage occasioned thereby, irrespective of the fact that he may have acted in good faith and without negligence, and even though the misdelivery was the result of

innocent mistake or was induced by fraud or trick."

In the case of Murray v. Farmers & Merchants Bank, 206 S.W. 577, the Missouri Court of Appeals stated the rule in the following language:

"Where bailee delivers the property deposited to person other than the bailor, he determines the right of such person to the bailment at his peril and is liable for wrongful delivery, regardless of negligence." See, also, Marlow v. Conway Iron Works, 130 S. C. 256, 125 S.E. 569.

The judgment of the trial court in the instant case constituted a correct application of the established rule as recognized by the foregoing authorities. It will be affirmed.

Defendants call our attention to the case of Interstate Mortg. Trust Co. v. Cunningham, 78 Okla. 62, 188 P. 1081, where a court clerk, who had been directed by a decree of foreclosure to pay taxes on land, was held not liable for an erroneous computation of the amount thereof made by other officers charged with the duty of entering the proper amount on the rolls. That case is not in point in the case at bar. The particular duty directed to be discharged in that case was classified as that of receiver, rather than a bailee, and the case was decided upon consideration of the law relating to receivership by reason of the classification of the particular duty.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, and HURST, JJ., concur. PHELPS, J., absent.