BOARD OF COMR'S OF GARFIELD COUNTY et al. v. PHILLIPS UNIVERSITY.

No. 30462. Oct. 26, 1943.

142P. 2d 606.

Hugh O. Conway, County Atty., and Luther A. Wells, Asst. County Atty., both of Enid, for plaintiffs in error.

Coldiron & Coldiron and Wilson &

Wilson, all of Enid, for defendant in error.

GIBSON, V. C. J. This action was instituted in district court of Garfield county by Phillips University against L. S. Corey to foreclose a real estate mortgage on certain property in the city of Enid. Garfield county and the county treasurer were made parties defendant as claiming some right, title, or interest in and to the premises.

The latter defendants filed answer and cross-petition claiming a lien on behalf of the county for delinquent personal taxes assessed against Corey for the years 1929 to. 1940, inclusive, and asking that said lien be established as prior and superior to that of plaintiff's mortgage, and that in event of foreclosure of said mortgage the sale be made subject to the lien of the personal taxes.

The trial court rendered judgment foreclosing plaintiff's mortgage as a prior and superior lien upon the premises, and rendered judgment for the county in the amount of the delinquent personal tax assessed against Corey, and decreed the same to be a lien on the premises, subject to plaintiff's lien. The property was ordered sold free and clear of all claims of defendants and the proceeds be applied, first, to the payment of costs and to the 1940 real estate taxes; second, to satisfaction of plaintiff's judgment, including interest and attorney fees; third, to the payment of the county's judgment; fourth, the balance to be paid into court to abide further order.

The parties agreed that the only question presented by this appeal is whether the pre-existing real estate mortgage takes priority over delinquent personal taxes of the mortgagor which have accumulated subsequent to the execution and recording of the mortgage.

To a limited extent the statute makes personal taxes a lien on the real estate belonging to the party against whom such taxes are assessed. 68 O. S. 1941 § 353. Though the ad valorem taxes assessed against the land are a perpetual lien thereon, personal taxes due from any person "shall be a lien for a period of two years upon real property owned by such person in the county where the taxes are levied, or in any other county to which the unpaid taxes have been certified after levy made under an alias tax warrant as herein provided, where any such lands may be located, and such lien may be enforced by sale of the real property or any interest therein of the person owing such personal taxes at any time within said two years after such personal taxes become due and payable upon the warrant of the county treasurer in the manner provided by this chapter." Section 353, supra.

By reason of the above statutory provisions the trial court decreed a lien upon the real property here involved for delinquent personal taxes, all of which accrued subsequent to the mortgage, but gave the mortgage lien superior rating, and foreclosed both liens accordingly.

The parties do not question seriously the power of the trial court to render judgment for the county against the property owner and to foreclose its alleged lien. All confine their arguments to the question of priority. Plaintiff makes some contention, however, that no lien for personal taxes ever attached to the realty.

An ad valorem tax lien, once it attaches to the property, is never inferior to the lien held by an individual, regardless of priority in dates. In Board of County Com'rs of Woods County v. State, 125 Okla. 287, 257 P. 778, we held as follows:

"In this state the tax lien on real property cannot be made subordinate or stricken down by statutory enactment, or by judgment, to accommodate another lien."

Nor may the courts foreclose an ad valorem tax lien, in the absence of permissive statute; and we have no such statute. Such liens are to be foreclosed only in the manner provided by statute. State v. Board of Com'rs of Nowata County, 166 Okla. 78, 25 P. 2d 1074.

There we held as follows:

"No action can be maintained against the state for the purpose of having its lien for taxes decreed to be subordinate to some other lien, without a legislative enactment authorizing such suit against the state. There has been no such legislative enactment."

However, it is our opinion that no personal tax lien ever attached to the real property involved in this case. It was entirely proper for the trial court to determine whether there was such a lien, and to determine the question of priority. As said in Interstate Mortgage Trust Co. v. Cunningham, 78 Okla. 62, 188 P. 1081:

"Taxes are a paramount lien upon property, and courts of equity in foreclosing a mortgage have full power to ascertain liens upon the property and their priority."

The trial court had power to render judgment decreeing the mortgage lien superior to the alleged tax lien, and to order the property sold free from any claims of the county thereunder, but the courts are without power to order the property sold in satisfaction of the latter lien. The statute is controlling, and the sale must be made by the sheriff pursuant to the alias warrant. The error, however, in holding that a tax lien existed will not call for a reversal of the judgment in favor of plaintiff foreclosing its mortgage free from the county's claim for personal taxes. Corey, the party against whom the judgment in favor of the county was rendered, has not appealed, and his interests are not before us. Our statements here relative to the attempted foreclosure of the alleged tax lien and the personal judgment against Corey are prompted by reason of the general public interest involved.

The first essential step in raising revenue by the taxation of property is the levy of the tax by proper legislative authority. Without such levy no tax can be assessed on property and collected; until a levy is properly ordered no tax can accrue. 61 C. J. 552. The tax here under consideration was never levied or assessed on any real estate. It was a personal tax levied only on specific personal property. After delinquency it was collectible by levy of a tax warrant on personal or real property of the taxpayer. 68 O. S. 1941 §§ 354, 356. The Legislature has provided by section 353, supra, that personal tax due from anyone shall be a lien on his realty. But the lien so provided is not a tax lien in the true sense of the term. It never attaches to the property as does a tax lien because there was no levy of the tax, and without levy on the property there can be no tax thereon, and consequently no tax lien.

The statute clearly reveals that the Legislature did not intend to impress a tax lien upon the real estate for taxes levied on personal property. Instead, it provided for procedure whereby an ordinary lien might be impressed upon the land as a means of collecting the tax in event it could not be made from the taxpayer's personal property. We see in the statute no indication of an intention to declare a tax lien and to make the same superior to or even coequal with existing liens of individuals. Said section 353 says that the personal tax shall be a lien on the realty owned by the taxpayer in the county where the taxes are levied or in any other county "to which the unpaid taxes have been certified after levy made under an alias tax warrant as herein provided." The lien is to be enforced by sale of any interest the taxpayer may have in the land, and the sale is to be upon the alias tax warrant in the manner provided by section 356, supra.

It is seen that the delinquent tax becomes a lien upon land only "after levy made under an alias tax warrant as herein provided." Alias warrants are issuable only after return of the original warrant unsatisfied; and the original warrant cannot be levied on realty (sec. 354, 355). Section 356 authorizes the issuance of alias warrants and provides for their enforcement. The material portion thereof reads as follows:

"Whenever any tax warrant issued

under the provisions of this article shall be returned uncollected, it shall be the duty of the county treasurer to issue an alias tax warrant for the collection of such tax to the sheriff of his county, or to the sheriff of any other county wherein any real or personal property of the delinquent taxpayer may be found, and it shall be the duty of any such officer to collect such delinquent tax, together with all accrued costs and penalties, together with his own costs upon the same, the same as upon executions, and after collecting said taxes, to forward the same to the treasurer of the county issuing said warrant, together with the warrant and his return endorsed thereon. The county treasurer shall, after the first warrants have been returned, issue alias warrants to the sheriff of his county, or to the sheriff of any other county wherein any property of the delinquent taxpayer may be found for the delinquent personal taxes, and it shall be the duty of the officer receiving such alias warrant to levy upon any property, real or personal, of the delinquent taxpayer, and to advertise and sell the same as upon execution; . . . ."

The clear intent of the statutes was that the personal tax should become a lien upon the land of the taxpayer located in any county only after levy of the alias tax warrant thereon as provided by section 356.

To say that personal taxes become a tax lien on the taxpayer's realty immediately upon delinquency would be to attribute to the Legislature a purpose to create a wholly intolerable condition in the titles to real estate. If such were declared to be the law. titles would be clouded with grave uncertainty and purchasers could never be reasonably certain as to their stability.

In the instant case no tax warrant. alias or otherwise, was ever levied on the interest of defendant Corey in the real property. No lien for the taxes in question had attached in favor of the county; and we may say further that had an alias warrant been levied according to law, the lien would have been impressed only upon Corey's equity of redemption, and the county, under the alias warrant, could resort only to the surplus remaining after satisfaction of plaintiff's mortgage as in the ordinary case. Where alias warrant has not been levied in such case, no lien attaches even to that surplus, and a levy thereon under the warrant, or an original warrant, is necessary to impress the same with the lien. It is so in all cases of levy on personal property for the satisfaction of the tax. Barbee v. Cowden, 182 Okla. 334, 77 P. 2d 669. The rule is there stated as follows:

"The statutes of this state provide no lien upon personal property for personal taxes assessed, so long as the title and possession of the property remain unmolested in the person against whom the assessment is made. Therefore, no such lien exists."

We restate this rule on account of the nature of the case. The question is one of public interest wherein public rights are involved.

Corey did not see fit to appeal from the judgment rendered against him, therefore as to it we make no expression.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur. DAVISON, J., absent. HURST and ARNOLD, JJ., concur in conclusion.