The CITY OF OKLAHOMA CITY, a Municipal Corporation, Appellant,

v.

HABANA INN, an Oklahoma Co–Partnership, Appellee.

No. 66254.

Court of Appeals of Oklahoma, Division 1.

Nov. 10, 1987.

Rehearing Denied Jan. 25, 1988.

Certiorari Denied April 26, 1988.

Robert D. Allen, Mun. Counselor, and Howard R. Haralson, Asst. Mun. Counselor, Oklahoma City, for appellant.

Jack T. Crabtree, and Kathryn K. Hendrickson, Oklahoma City, for appellee.

**10.** *Id.* at 605.

ROBINSON, Presiding Judge:

The City of Oklahoma City (Appellant) originally filed a cause of action against Shammah Corporation to collect delinquent hotel/motel room taxes that had been collected but not remitted to the Appellant. Habana Inn (Appellee) as first mortgage holder subsequently filed a mortgage foreclosure action to foreclose its prior recorded mortgage against the real property known as the Pebbletree Inn Hotel which was owned by Shammah Corporation. Subsequent to the filing of the foreclosure action, many parties joined as Defendants filed disclaimers of interest in the real property and in addition Habana took default judgment against many of the remaining parties. Shammah Corporation later filed bankruptcy which operated to stay the foreclosure proceeding until the stay was lifted on November 4, 1985. Thereafter, a journal entry was prepared, circulated and signed by all remaining parties whereby Appellee was given judgment on its note and foreclosure of its mortgage with a corresponding order of proceeds distribution.

Appellant now appeals this journal entry taking issue with the extinguishment clause and arguing that in light of 68 O.S. 1981 § 2704 the court is without authority to foreclose and extinguish a municipal tax lien. The Appellant contends that its lien is a continuing lien which remains attached to the real property until fully paid. The relevant portion of § 2704 provides:

All taxes, interest and penalties imposed by any incorporated city, town or the Oklahoma Tax Commission under authority of this Act, or other authorized municipal taxes, are hereby declared to constitute a lien in favor of such municipality upon all franchises, property and rights to property, whether real or personal, then belonging to or thereafter acquired by the person owing the tax, whether such property is employed by such person in the conduct of business, or is in the hands of an assignee, trustee, or receivor for the benefit of creditors, from the date said taxes are due and payable under provisions of the municipal tax ordinances levying such tax-es.... Such liens, however, shall be inferior to those of any bona fide mortgagee, pledgee, judgment creditor, or purchasor who has filed or recorded said mortgages or conveyances in the office of the county clerk of the county in which the property is located, and whose rights shall have attached prior to the date of the entry of the notice of the lien of the claiming incorporated city or town upon the district court judgment docket in the office of the court clerk, in the county in which the property is located. Such taxes, penalties, and interest owing the incorporated city or town shall, at all times, constitute a prior, superior and paramount claim as against the claims of unsecured creditors. The said lien of the incorporated city or town shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid.

Pursuant to this statute, the Appellant claimed a lien against the property of Shammah Corporation and asserted its priority in the foreclosure action of Appellee. The journal entry reflects the validity of Appellant's lien and the priority of the lien behind Oklahoma County's claim for delinquent ad valorem taxes and behind Appellee's prior recorded mortgage. The journal entry also contains a provision for the distribution of sale proceeds in the order of priority stated above. A provision also provides that subsequent to the court's decree of foreclosure and sale of the real property, the judgment of the court bars, forecloses, and extinguishes "all right, title, interest, estate or equity in and to said real property" claimed by any defendant.

In support of its contention that its lien is a continuing one which remains attached to the real property until fully paid, Appellant cites the language of § 2704 which provides that the tax lien "shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid." Appellant also cites several cases involving ad valorem tax liens. In the case of *Board of Commissioners of Woods County v. State ex rel. Commissioners of Land Office*, 125 Okl.

287, 257 P. 778 (1927), the issue was whether a mortgage lien on behalf of the state was superior to a tax lien of the state. The court determined that the assessed ad valorem tax lien attached to the real property was a perpetual lien based upon Comp.St. 1921 § 9724, and was not divested by any sale of the property under judicial process. The court stated "the judgment may foreclose the mortgage lien and direct a sale of the lands, and to direct the payment of all the proceeds of the sale to satisfy the mortgage lien, is necessarily all that is required; but the tax lien cannot be swept aside and held for naught". *Woods*, 257 P. at 781. The court held that the lien claims of the State, both tax and mortgage, were co-equal and should be provided for as such.

The case of *Gotham Hotels, Ltd. v. Wilson*, 601 P.2d 1209 (Okl.1979) also concerns ad valorem taxes. There the mortgagee claimed when after a sheriff's sale and upon subsequent transfer the county notified the mortgagee the amount stated in the journal entry was incorrect and the actual amount of delinquent ad valorem taxes owing on the property was five times as much as that stated in the journal entry. Mortgagee contested the amount, however, the Court found that the mortgagee had actual knowledge of the additional amount but did not include it in the journal entry and therefore the court held "foreclosure judgment insofar as it afforded to adjudicate the amount of taxes due against the property was a nullity". In addition, in footnote 3, the Court states:

> The only means available to avoid or remove an ad valorem tax lien is by (1) payment of the tax (along with penalties if overdue); or (2) lapse of time under 68 O.S.1971, § 24233.

■ We are of the opinion that an ad valorem tax may be distinguished from an excise tax. An ad valorem tax is assessed upon the value of the real property and the tax arises out of the property itself but remains with that property regardless of the owner. Also liability for the ad valorem tax follows the property. The owner of the property is responsible for payment of the tax and should the owner transfer such property the new owner must assume the responsibility for the tax. Because the ad valorem tax follows the property these tax liens must be afforded priority and provided payment ahead of all other competing interests to the proceeds. The municipal tax lien in question, however, is more similar in nature to the liens of personal taxes as both are obligations with personal liability.

The Supreme Court in *Board of Commissioners of Garfield County, v. Phillips University*, 193 Okl. 222, 142 P.2d 606 (1943) addressed the question of whether a pre-existing mortgage took priority over delinquent personal taxes which accumulated subsequent to the execution and recording of a mortgage. The Court found that the tax lien for delinquent personal taxes did not exist but if it had, "the lien would have been impressed only upon [the delinquent taxpayer's] equity of redemption, and the county, ... could resort only to the surplus remaining after satisfaction of plaintiff's mortgage as in the ordinary case." *Id.* 142 P.2d at 609. The Court stated further "We see in the statute no indication ... to make the same (a tax lien) superior to or even co-equal with existing liens of individuals." *Id.* In the instant case Appellee's mortgage was executed and recorded in 1975. In 1981 and thereafter Shammah Corporation failed to pay hotel taxes to the Appellant and therefore the delinquent taxes and lien accrued and attached subsequent to Appellee's mortgage. The trial court found the existence and priority of liens to be: (1) ad valorem taxes due to Oklahoma County; (2) mortgage of Appellee; and (3) delinquent municipal taxes due to the city.

There is no indication that the intention of the legislature was to declare the municipal tax lien granted by 68 O.S.1981 § 2704 equal or superior to the existing lien of an individual. The express language of the statute is to the contrary:

> Such liens, however, shall be inferior to those of any bona fide mortgagee, pledgee, judgment creditor, or purchaser,who has filed or recorded said mortgages or conveyances in the office of the county clerk of the county in which the

property is located, and whose rights shall have attached prior to the date of the entry of the notice of the lien of the claiming incorporated city or town upon the district court judgment docket in the office of the court clerk, in the county in which the property is located.

Appellant asserts that the lien should continue to exist upon the subject property even though the person, firm or corporation owing the tax may no longer own an interest in that property. We find that the tax lien created by § 2704 is a personal obligation of the corporation owing it and the lien merely attaches to property of that corporation. When, as in the present case, Appellee foreclosed on the property, the interest of Shammah Corporation ceased to exist and the Appellant's tax lien also ceased to exist in that property. *See Ladd v. State ex rel. Oklahoma Tax Commission*, 688 P.2d 59 (Okl.1984). We hold that the tax lien claimed by Appellant may be allowed recovery only from the surplus remaining after satisfaction of Appellee's mortgage and said tax lien cannot continue perpetually against the subject real property. Such a procedure "would attribute to the legislature a purpose to create a wholly intolerable condition in the titles to real estate. If such were declared to be the law, titles would be clouded with great uncertainty and a purchaser could never be reasonably certain as to their stability." *Board of Commissioners of Garfield County*, 142 P.2d at 609. We do not believe that this holding contravenes the municipality's power to tax or to collect those taxes as its lien shall continue against Shammah Corporation and any real property still owned by Shammah.

Appellee seeks costs and attorney fees incurred in the defense of this appeal. We decline to award them such appellate costs and attorney fees, and direct each party to be responsible for their own costs and attorney fees.

AFFIRMED.

REYNOLDS and GARRETT, JJ., concur.