John H. WILGUESS and Nancy J. Wilguess, Husband and Wife, Appellees,

v.

The BOARD OF COUNTY COMMISSIONERS OF PAYNE COUNTY, Oklahoma, and Bonita Stadler, County Treasurer of Payne County, Oklahoma, Appellants.

No. 74124.

Court of Appeals of Oklahoma, Division 3.

June 11, 1991.

William F. O'Brien, Stillwater, for appellants.

Charles L. McBride, Stillwater, for appellees.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellees, John and Nancy Wilguess (Wilguesses) contracted to buy certain real property from Orville R. and Toni Sneed (Sneeds). At the time, the property was in foreclosure. The Abstract Certificate obtained by Wilguesses showed delinquent ad valorem taxes on the real property, and reflected entries from the Payne County Treasurer's Personal Tax Lien Docket in the name of Ron Sneed d/b/a Furniture Unlimited and Ron Sneed d/b/a Auto's Unlimited.

Wilguesses' prospective mortgage lender required that possible clouds on the title be cleared before approving their loan. Although the contract called for Sneeds to pay all taxes owed before closing, they were unable to do so because of financial difficulties. Wilguesses undertook to pay the delinquent taxes.

Nancy Wilguess, accompanied by their real estate agent, went to the Treasurer's office to determine the amount of delinquent taxes then owing. She paid the delinquent real property ad valorem taxes, but was informed no personal property taxes were outstanding. There was testimony the Treasurer's office was asked to review their delinquent tax records for the names as listed in the abstract.

Upon the insistence of the prospective lender, Wilguesses' real estate agent returned to the County Treasurer's office and obtained a certificate stating, "Orville R. and Toni Sneed do not owe any personal property taxes in Payne County".

Approximately six weeks after closing on the property, Wilguesses received a letter from the County Treasurer's office stating it had been concluded Orville R. Sneed was also known as Ron Sneed. Attached to the letter were statements for Ron Sneed's delinquent personal property taxes totalling in excess of $2,500.00.

Wilguesses attempted to reach an agreement with County to the effect that Ron Sneed's delinquent personal property taxes would not be considered a lien against their real property. When no agreement could be reached, Wilguesses filed this action. They asked the trial court to quiet title in them and enter judgment finding County had no interest in the real property arising from Ron Sneed's delinquent personal property taxes.

The trial court ordered, in relevant part:

.. there exists a valid tax lien on the property.... Pursuant to the provisions of Title 68 O.S. 24305, 24306 and 24306.1, the Defendant has no recourse against the Plaintiffs or the subject property as there has been a transfer of ownership and the property is not now "property of the Taxpayer". (Quote by trial court).

County appeals from that order. We affirm.

County asserts two propositions in its Brief in Chief. The first contends a valid lien remains effective through subsequent transfers and conveyances, and the second discusses lack of a court's authority to discharge a valid lien.

Only as an aside does County mention the true issue in this appeal—whether the trial court properly held County had no recourse against Wilguesses or their real property. The trial court specifically found the lien was valid and Wilguesses have not controverted that finding. Further, the trial court did not "discharge" the lien, it found there was no legal authority to enforce the lien against Wilguesses or their property.

■ In reviewing actions in equity such as this, we may weigh the evidence, but will not set aside a judgment in equity unless it is clearly against the weight of the evidence. *Marshall v. Marshall*, 364 P.2d 891 (Okl.1961).

We first note the distinction the Legislature draws between tax liens arising from *ad valorem* taxes on real property and those arising from taxes on personal property. 68 O.S. 1985 Supp. § 24304.1 states, in straightforward terms:

Taxes upon real property are hereby made a lien for seven (7) years from the date upon which such tax became due and payable.

In a clearly more conditional and separate statement regarding personal property tax liens, 68 O.S. 1981 § 24305 provides, *inter alia,*

The tax lien shall be a lien on all real and personal property *of the taxpayer* in the county for a period of seven (7) years. (emphasis added).

■ The Legislature has also provided a separate procedure for collection where only personal property taxes are delinquent. Such taxes are collectible solely by levy of a tax warrant on personal or real property of the taxpayer. *Board of Commissioners of Garfield County v. Phillips University*, 193 Okl. 222, 142 P.2d 606 (1943). 68 O.S. 1981 § 24311, which authorizes sale of real property for payment of *all* taxes without first resorting to sale of personal property, is not applicable where, as here, no real property taxes are delinquent. *Op.Atty.Gen 72-239* (Sep. 29, 1972).

The applicable statutory authority for tax warrants for the collection of delinquent personal property taxes is 68 O.S. 1981 § 24306.1. We find this section, cited by the trial court as legal authority in support of its judgment, dispositive.

Specifically, we look to §§ 24306.1(A)(2) and (3), which state:

2. The tax warrant shall be issued or directed against any person or legal entity who had possession, control or an interest in personal property *at the time the taxes were assessed.* (emphasis added).

3. The tax warrant shall command the sheriff to collect the amount due for unpaid taxes, penalties and interest thereon, cost of advertising, sheriff's collection fees and any other lawful fees on personal property *belonging to the person to whom such taxes were assessed,* and if no personal property is found, then upon any real property such person *owns* or in which he *has* an interest. (emphasis added).

We need not reach the question of whether a lien upon real property, arising from delinquent personal property taxes, attaches to the res and remains "valid" after transfer of ownership of the real property.

■ The language of the above-quoted subsections, and similar provisions in other subsections of § 24306.1, is clear—in collecting delinquent personal property taxes, the sheriff may only levy upon property then owned by the taxpayer against whom the taxes were assessed, or property in which such taxpayer then has an interest. Presuming, without so finding, that County's lien is "valid", the Legislature has not provided for its enforcement.

■ County expresses concern that finding the lien is not enforceable against the res, after transfer of title, "could have far reaching consequences for the State of Oklahoma". Whether limiting collection to property belonging to the delinquent taxpayer is the express intention of the Legislature, or is an anomaly in the law, is problematic. Nevertheless, we need not now resolve that question because the law is unambiguous.

In the absence of constitutional challenge, we may only interpret the law. We may not legislate a change. Presuming such change was desirable, that is the Legislature's prerogative. No issue of the present law's constitutionality has been presented for our consideration.

Our holding is limited to the facts before us. Wilguesses had no interest in the real property in question at the time the person-

al property taxes were assessed against Ron Sneed. There is no evidence of fraud on the part of Wilguesses, and we will not hypothesize how such evidence might affect the outcome here. Wilguesses made considerable effort to determine and pay any taxes owing, prior to taking title, and acted reasonably in relying on the County Treasurer's certification that no personal property taxes were outstanding.

We find the trial court's judgment that County has no recourse against Wilguesses, or the subject property, supported by applicable law and the weight of the evidence.

AFFIRMED.

HUNTER, C.J., concurs.

GARRETT, P.J., dissents.