The FIRST NATIONAL BANK OF STILLWATER, Stillwater, Oklahoma, a National Banking Association, Plaintiff in Error,

v.

STATE of Oklahoma, ex rel. The OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 42556.

Supreme Court of Oklahoma.

March 3, 1970.

Fitzgerald, Houston & Worthington, Stillwater, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, R. O. Ingle, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment entered by the trial court in a proceeding instituted by plaintiff below, plaintiff in error herein, to recover certain sums collected as sales taxes by vendors, pursuant to the Oklahoma Sales Tax Code, 68 O.S. 1969 Supp. § 1301 et seq., on sales made to plaintiff, a national banking association, and to enjoin relator from collecting or attempting to collect sales taxes on any future sales made to plaintiff. On appeal, the parties will be referred to as they appeared below.

The basic issue below was whether the collection of Oklahoma sales taxes on purchases made by plaintiff violated the long established rule that States, unless authorized by Congress, cannot tax national banks. See M'Culloch v. Maryland, 17 U. S. 316, 4 Wheat. 316, 4 L.Ed. 579; Owensboro Natl. Bank v. Owensboro, 173 U.S. 664, 19 S.Ct. 537, 43 L.Ed. 850; and Iowa-Des Moines Natl. Bank v. Bennett, 284 U.S. 239, 52 S.Ct. 133, 76 L.Ed. 265.

The action was submitted to the trial court on stipulations of fact. These stipulations were that plaintiff is a national banking association; that relator is the tax collecting agency for the State of Oklahoma; that plaintiff had paid, under protest, sales taxes in the amount of $187.21 in November, 1966, $219.23 in December, 1966, and $157.40 in January, 1967; and, that relator, since the original enactment of the Oklahoma Sales Tax Code, had construed the sales tax imposed by the Code to be applicable to purchases made by national banks.

After having first taken the cause under advisement the trial court found against plaintiff on both causes of action and en-

tered judgment accordingly. From this judgment and an order overruling its motion for new trial, plaintiff appeals.

Subsequent to the parties' filing their briefs on appeal herein, the United States Supreme Court, in First Agricultural Nat. Bank of Berkshire County v. Tax Commission, 392 U.S. 339, 88 S.Ct. 2173, 20 L.Ed. 24, 1138, held that a State's (Massachusetts') sales tax act, which required vendors to pass on to a purchaser the amount of the tax, imposed the legal incidence of the tax upon a purchaser and could not be applied to a national bank not subject to such state taxation under the provisions of 12 U.S.C. § 548.

Thereafter, relator filed its supplemental brief admitting that the above cited opinion in First Agricultural Nat. Bank of Berkshire County v. Tax Commission controlled herein and that as the legal incidence of the Oklahoma sales tax fell on a purchaser, it could not be applied to plaintiff national bank. However, relator does contend that there is no procedure available to plaintiff to recover a refund of the sales taxes previously paid.

The basis of relator's contention is that section 227, 68 O.S. 1969 Supp., is the sole provision relating to refunds and it allows only a "taxpayer" to file a claim for a refund of taxes erroneously paid. Relator argues that plaintiff is not a taxpayer as § 1302(e) of the Oklahoma Sales Tax Code, supra, defines a "taxpayer" as " * * * any person liable to remit a tax hereunder or to make a report for the purpose of claiming any exemption from payment of taxes levied by this Article" and as sections 1306 and 1307 place the liability on a vendor to prepare the necessary reports and remit the taxes due to the Oklahoma Tax Commission.

In our opinion, relator's argument fails to take into consideration all of the applicable statutory provisions. Section 202(d) (1) of the Uniform Tax Procedure Code, 68 O.S. 1969 Supp. § 201 et seq., defines a taxpayer as any person owing or liable to pay any State tax. Section 202(e) defines "person" as including a corporation, and the term "corporation" is defined, in § 202(g) (6), as including, inter alia, national banking associations. The above cited § 227 is included within the provisions of the Uniform Tax Procedure Code. Also included in that Code is § 226, which provides that " * * * any taxpayer aggrieved by the provisions of this Article or of any other State tax law" may file a notice of his intention to file suit for the recovery of taxes at the time the taxes are paid to the Tax Commission, and, within thirty days thereafter, the taxpayer may file suit for recovery of such taxes in any State or Federal Court having jurisdiction of the parties and the subject matter. Section 201 supra provides:

"The purpose of this Article, which may be cited as the 'Uniform Tax Procedure Code', is to provide, so far as is possible, uniform procedures and remedies with respect to all State taxes. Unless otherwise expressly provided in any State tax law, heretofore or hereafter enacted, the provisions of this Article shall control and shall be exclusive."

In the instant action, plaintiff notified the Tax Commission at the time it paid the sales taxes that such taxes were being paid under protest. Within 30 days after the first such taxes were paid under protest, plaintiff filed suit in the court below for their recovery. Relator has raised no question concerning the sufficiency of the written protests filed by plaintiff.

In our opinion, plaintiff is a "taxpayer" as that term is defined in the Uniform Tax Procedure Code. Although a vendor is required to collect and remit the tax imposed by the Sales Tax Code, § 1310(a) thereof provides that the tax levied " * * * shall be paid by the consumer or user." There is no doubt, as admitted by relator, that the legal incidence of the sales tax paid herein fell upon plaintiff. As plaintiff "owed" the tax levied, it was a taxpayer and entitled to the remedies available under § 226 for the recovery of sales taxes which, as determined by First Agricultural Nat.

Bank of Berkshire County v. Tax Commission, supra, were improperly imposed upon it as a national bank.

The amendment by the U. S. Congress to 12 U.S.C. § 548, Section 5219 of the Revised Statutes, approved December 24, 1969, (P.L. 91–156, 83 Stat. 434; H.R. 7491) is not treated herein, having become effective after the matters involved herein arose.

The judgment below is reversed and the cause remanded to the trial court.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

HODGES, J., concurs specially.