409 So.2d 91 (1982)
HARRIS CORPORATION, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. AD-181.
District Court of Appeal of Florida, First District.
January 18, 1982.
*92 Brian C. Ellis, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Linda C. Procta, Asst. Atty. Gen., and John Browdy, Asst. Atty. Gen., for appellee.
PER CURIAM.
Harris Corporation appeals pursuant to § 120.68 Fla. Stat. (1979) an order of the Governor and Cabinet as head of the Department of Revenue. We reverse.
The appellant is a manufacturer of electronic equipment. The appellee is attempting to collect sales tax on some of this equipment for the period June 1, 1974, through June 30, 1978. The only issue is the interpretation of the relevant statute of limitations. Section 95.091(3) Fla. Stat. (1979) provides that:
Except as otherwise provided by law, the amount of any tax may be determined and assessed within 3 years after the first day of the month following the date on which the tax becomes due and payable. However, this limitation shall be tolled for a period of 2 years by a request for inspection and examination of a taxpayer's books and records by the taxing authority within that period, in which event the period for which tax due may be determined and assessed shall be the 3 years immediately preceding the first day of the month in which a request for inspection and examination of the books and records has been made by the taxing authority.
In the instant case the Department notified Harris of a proposed audit and requested inspection of Harris' books on January 28, 1977. On June 25, 1979, two years and 5 months later, the Department issued a proposed assessment for the period January 1, 1974, through June 30, 1978, later amending the assessment to be for the period June 1, 1974, through June 30, 1978. Harris contests the assessment for the period June 1, 1974, through May 31, 1976, contending that it is barred by the statute of limitations above.
The Department's application of the statute is clearly expressed in the following excerpt from a Division of Administrative Hearings Recommended Order:
The running of the statute was "tolled" by the issuance of the Department's notice of assessment on January 28, 1977. At that point, 942 days of the three-year limitation period had run. The two-year "tolling" period expired on January 28, 1979, with no action having been taken by the Department. The three-year limitation period therefore resumed on January 29, 1979. The Department issued its notice of proposed assessment on June 25, 1979, after 147 additional days had expired on the three-year "clock." The total period expiring before issuance on the notice of assessment was, therefore, 1,089 days, or less than the three-year limitation period provided for in Section 95.091(3), Florida Statutes.
This would be a reasonable interpretation if the statute did not include the second clause "... in which event the period ... shall be the 3 years immediately preceding... ." Recalling maxim that the courts should give effect to all the legislative language, this language requires the Department to make its assessment within 2 years of its request for inspection if it is to take advantage of the tolling provision. Applied to the facts of this case, the Department had until January 29, 1979 in which to assess Harris for the period from January 1, 1974. By failing to file its assessment by that date, the Department could no longer apply the tolling provision. The statutory limitation period reverted to three years as if there had been no tolling of the time. Therefore, when the assessment was made on June 25, 1979, only those taxes due on or *93 after June 1, 1976 were subject to the assessment.
The order is REVERSED and the cause REMANDED for proceedings in accord with this opinion.
BOOTH and THOMPSON, JJ., concur.
ERVIN, J., specially concurs with written opinion.
ERVIN, Judge, specially concurring.
Under the particular circumstances of this case, I concur with the majority's opinion of reversal. Were the statute not one involving a period of limitation, and were the agency not the state's taxing authority, I would feel obliged to follow the general rule stating that an administrative construction of a statute by one charged with its enforcement is entitled to great weight and will not be overturned except for the most cogent reasons, or unless clearly erroneous, unreasonable, or in conflict with some provision of the state's constitution or the plain intent of the statute. See King v. Seamon, 59 So.2d 859, 861 (Fla. 1952); Miami Beach First National Bank v. Dunn, 85 So.2d 556 (Fla. 1956); Green v. Stuckey's of Fanning Springs, Inc., 99 So.2d 867 (Fla. 1957); State ex rel. Biscayne Kennel Club v. Board of Bus. Reg., 276 So.2d 823 (Fla. 1973); Ft. Pierce, etc. v. Florida Public Service Com'n., 388 So.2d 1031, 1035 (Fla. 1980); ABC Liquors, Inc. v. Dept. of Business Regulation, 397 So.2d 696 (Fla. 1st DCA 1981); State Dept. of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238 (Fla. 1st DCA, 1981).
Despite the above rule, it is doubtful the Department of Revenue can claim that it is charged with enforcing a statute of limitations, rather than one directly related to its taxing authority and one which the agency has special responsibility in providing its expertise by interpretation. Additionally, because the statute is susceptible to differing constructions as to the length of its applicability, we are confronted with another statutory maxim to the effect that taxing statutes or statutes conferring authority to impose taxes must be strictly construed, and that if they are so drawn that the legislative intent is in doubt, such statutes should be construed most strongly against the government, and liberally in favor of the taxpayer or citizen. De Vore v. Gay, 39 So.2d 796 (Fla. 1949); State ex rel. Tampa Electric Co. v. Gay, 40 So.2d 255 (Fla. 1959); Department of Revenue v. Brookwood Associates, Ltd., 324 So.2d 184 (Fla. 1st DCA 1975).
I am content to draw the line here in favor of the taxpayer as to a statute of limitations affecting the obligation to pay a tax that is ambiguously drawn. I would, however, be otherwise frugal in imposing our own particular construction upon a statute which is susceptible to differing interpretations once the appropriate administrative body has addressed the issue and has applied to it its own expertise in the subject matter which it is charged to administer. As we observed in Framat Realty, Inc., supra, 407 So.2d at 242: "[T]he judiciary must not, and we shall not, overly restrict the range of an agency's interpretative powers. Permissible interpretations of a statute must and will be sustained, though other interpretations are possible and may even seem preferable according to some views."