THOMPSON, Judge.
Alachua County appeals from a Declaratory Statement issued by the Department of Revenue (Department) in response to the county’s petition. County employees on authorized travel who had presented the county’s tax exemption number were refused tax exempt status on hotel room rentals as a result of a letter sent to the hotels by the Department. The February 1984 letter instructed the hotels to collect sales and resort taxes on all room rentals except rentals by “governmental bodies who pay for the rooms with a governmental check or issue a purchase order.” We reverse.
Alachua County authorizes its employees on official travel to present the county’s tax exemption number to lodging establishments in order to secure an exemption from sales tax on lodging expenses. The county’s policy is to reimburse employees for their travel expenses after such expenses have been incurred. When an employee on authorized travel paid tax on lodging expenses, the county’s policy was to not reimburse him for the amount of the tax because of its exemption under § 212.-08(6), Fla.Stat. The county petitioned the Department for a declaratory statement as to the applicability of any statutes, rules or orders limiting the county’s tax exempt status in such situations.
In its Declaratory Statement the Department stated that when an individual employee pays a hotel room rental out of his own pocket, and is subsequently reimbursed by the county, the person actually incurring the lodging expense is the individual employee, not the county. The Department concluded that because there is no “sale” directly to the county, no exemption is available and the tax is due under § 212.03, Fla.Stat. We cannot agree with this interpretation.
Section 212.03 provides that the rental of a hotel room is a taxable event. Under the terms of the statute, a five percent tax on the amount of the rental is imposed on the privilege of engaging in the business of renting hotel rooms. The statute directs the lessor to collect the amount of the tax from the lessee with the rental payment, and to remit the tax to the Department of Revenue. Section 212.08(6), Fla.Stat. exempts counties and other political subdivisions from the sales tax imposed by Chapter 212. In addition, § 112.061(6) states that employees traveling on official business “shall be reimbursed” for travel expenses “substantiated by paid bills therefor.”
The Department’s interpretation presents the county with a Catch-22: if the county reimburses the employee for the amount of the tax paid, then the county is denied the benefits of § 212.08(6); if the county does not reimburse the employee, it is not in compliance with § 112.061(6). ‘
Although an exemption in a taxing statute should be strictly construed against the person claiming it, the construction must not be so strained that it forces a conclusion that is unreasonable and results in an interpretation that conflicts with the legislative intent expressed in plain language. Green v. Eglin AFB Housing, Inc., 104 So.2d 463 (Fla. 1st DCA 1958). An agency’s construction of a statute is accorded great weight but it must not be “clearly *1188 erroneous, unreasonable, or in conflict with some provision of the state’s constitution or the plain intent of the statute.” Harris Corp. v. Department of Revenue, 409 So.2d 91, 93 (Fla. 1st DCA 1982) (Ervin, J., specially concurring).
The Department’s analysis of § 212.03 in the instant case is clearly improper as it either denies the county the expressly granted exemption of § 212.08(6) or requires the county to disregard the reimbursement requirements of § 112.061(6). Equally incongruous is the Department’s reasoning that the taxable rental is a sale only to the individual employee, and not the county. A county employee on authorized travel who is to be reimbursed by the county on the basis of his paid bills is comparable to an employee who has a county purchase order in hand at the time the hotel room is rented. The Department acknowledges that the exemption is available when the employee pays for the lodging expense with a purchase order. An employee on official travel, who has been authorized to present the county’s tax exempt number and who will be reimbursed for the travel expenses, is no different.
Accordingly, any rental to a county employee on authorized travel who is to be reimbursed by the county is exempt from the tax imposed by § 212.03 by virtue of the general exemption of § 212.08(6) which specifically exempts the counties from taxes imposed by Chapter 212.
REVERSED.
WIGGINTON, J., concurs.
WENTWORTH, J., specially concurs.