528 A.2d 477

**COMPTROLLER OF THE TREASURY**

v.

**WORLD INNS, INC. t/a Best Western Motels.**

**No. 147, Sept. Term, 1985.**

Court of Appeals of Maryland.

July 28, 1987.

Gerald Langbaum, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Deborah E. Bacharach and Linda Koerber Boyd, Asst. Attys. Gen., on brief), Baltimore, for appellant.

Kevin J. Leonard (Michael Lewis Freilich, on brief), Towson, for appellee.

James J. Hanks, Jr., Arthur F. Fergenson and Weinberg & Green, Baltimore, on brief, amicus curiae Brief National Car Rental System, Inc.

Argued before MURPHY, C.J., SMITH *, ELDRIDGE, COLE, RODOWSKY, COUCH* and McAULIFFE, JJ.

COLE, Judge.

We are asked today to decide whether a government employee who pays for the rental of a hotel room with personal funds while on government business may be required to pay Maryland retail sales tax.

The facts giving rise to this issue may be summarized as follows. The Comptroller of the Treasury (Comptroller) levied an assessment against World Inns, Inc. (World Inns) for the period from July 1, 1977 through June 30, 1981. This assessment was based on the failure of World Inns to collect retail sales tax on rooms rented to government employees. World Inns challenged the assessment and the case was assigned to one of the Comptroller's hearing officers. The evidence adduced at the hearing revealed that World Inns had not collected retail sales tax from any federal or state employee who had executed an exemption certificate, produced identification showing he was a government employee, and paid for the room with cash, personal credit card, or personal check. The hearing officer affirmed the assessment. He ruled that, unless the governmental entity made direct payment for the rooms rented, the rental fell outside both the constitutional tax immunity of the United States government and the statutory sales tax immunity of the state government. Thus, the hearing officer concluded that the rentals were subject to sales tax.

World Inns appealed the hearing officer's ruling to the Maryland Tax Court. The Tax Court affirmed both the

---

* Smith, J., and Couch, J., now retired, participated in the hearing and conference of this case while active members of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, they also participated in the decision and adoption of this opinion.

Comptroller's assessment and the hearing officer's decision. The Tax Court reasoned that because the Comptroller had no way of verifying whether a government employee who personally paid for a room was actually on government business, the rentals were subject to sales tax. World Inns appealed the Tax Court's decision to the Circuit Court for Baltimore County,[1] which reversed the Tax Court's decision and held that the transactions were tax exempt. The Comptroller appealed to the Court of Special Appeals, but we granted certiorari on our own motion prior to consideration by the intermediate appellate court.

The Comptroller argues that neither the Supremacy Clause of the United States Constitution (Art. VI, cl. 2)[2] nor its counterpart in the Maryland Declaration of Rights (Art. 2)[3] prevents the State of Maryland from collecting a sales tax under the circumstances of this case. Relying on recent Supreme Court decisions, the Comptroller claims that a state's imposition of a sales tax is only prohibited where the legal incidence of the tax is levied directly upon the United States government. The Comptroller argues that the legal incidence of the tax here was on the individual renting the room rather than the government, and therefore the tax was constitutional.

World Inns, on the other hand, claims exemption from the sales tax based on subsections (a) and (f) of § 326 of the Maryland Retail Sales Tax Act (Maryland Code (1957, 1980

---

1. The circuit court permitted National Car Rental System, Inc., to appear as *amicus curiae* and argue against the Comptroller. We also permitted National Car Rental System, Inc., to file a brief as *amicus curiae* in this appeal.

2. Article VI, cl. 2, of the United States Constitution reads in pertinent part as follows: "This Constitution, and the Laws of the United States . . . shall be the supreme Law of the Land."

3. Article 2 of the Maryland Declaration of Rights reads in pertinent part as follows: "The Constitution of the United States, and the Laws made . . . in pursuance thereof, . . . are, and shall be the Supreme Law of the State."

Repl. Vol. & 1986 Cum. Supp.), Art. 81, §§ 324–371). Section 326 provides in pertinent part:

§ 326. Exemptions.—In general.
The tax hereby levied does not apply to the following sales:
(a) *State sales.*—Sales to the State of Maryland or any of its political subdivisions....

. . . .

(f) *Tax prohibited by United States Constitution.* —Sales which are not within the taxing power of this State under the Constitution of the United States.

I

We shall first address the question of whether federal employees renting hotel rooms in their own names and paying for the rooms with personal funds enjoy immunity from state taxation. In *United States v. County of Fresno*, 429 U.S. 452, 97 S.Ct. 699, 50 L.Ed.2d 683 (1977), the Supreme Court addressed the issue of constitutional intergovernmental tax immunity in a case similar to the one before us. In *Fresno*, the Forest Service, a branch of the United States Department of Agriculture, owned houses located in national forests. Employees of the Forest Service were required to live in these houses in order to perform their jobs more efficiently. The Counties of Fresno and Tuolumne imposed a use tax on each of these federal employees based on the employee's possessory interest in the federally owned house in which he lived. The federal employees paid the tax and then brought suit for a refund. The employees argued that the tax was " 'a levy upon the activities of the United States' because the occupancy of the houses by the Forest Service employees was 'for the sole purpose of discharging their governmental function of running the national forests.' " *Id.* at 457, 97 S.Ct. at 702. Thus, the employees argued, the tax was unconstitutional.

The Supreme Court began its analysis by reviewing *M'Culloch v. Maryland*, 17 U.S. (4 Wheat) 316, 4 L.Ed. 579

(1819), the seminal case on intergovernmental tax immunity. In *M'Culloch*, the State of Maryland attempted to levy a tax directly against the Bank of the United States, a federal instrumentality created by Congress. The *M'Culloch* Court held that the Supremacy Clause of the United States Constitution forbade the states from directly taxing the United States or its instrumentalities because "the power to tax involves the power to destroy." *Id.* at 431. Consequently, the Maryland tax was held to be unconstitutional.

The *Fresno* Court reviewed the cases decided after *M'Culloch* and stated: "Since *M'Culloch*, this Court has adhered to the rule that States may not impose taxes directly on the Federal Government, nor may they impose taxes the legal incidence of which falls on the Federal Government." 429 U.S. at 459, 97 S.Ct. at 703. The Court noted that as long as the United States does not bear the legal incidence of a tax, it is irrelevant that the tax otherwise affects the federal government or that the federal government shoulders the entire economic burden. The Court concluded that a state may tax "property owned by the United States as long as that property is being used by a private citizen or corporation and so long as it is the possession or use by the private citizen that is being taxed." *Id.* at 462, 97 S.Ct. at 704.

The Court then applied this rule to the facts presented in *Fresno:*

The "legal incidence" of the tax involved in this case falls neither on the Federal Government nor on federal property. The tax is imposed solely on private citizens who work for the Federal Government. The tax threatens to interfere with federal laws relating to the functions of the Forest Service *only* insofar as it may impose an economic burden on the Forest Service—causing it to reimburse its employees for the taxes legally owed by them. . . .

*Id.* at 464, 97 S.Ct. at 705 (emphasis in original). The Court therefore held that the tax was constitutional. *See also Minneapolis Star & Tribune Co. v. Minnesota,* 460 U.S.

575, 589 n. 12, 103 S.Ct. 1365, 1374 n. 12, 75 L.Ed.2d 295 (1983) ("In spite of the rule against direct taxation of the Federal Government, States remain free to impose the *economic* incidence of a tax on the Federal Government.") (emphasis in original); *Washington v. United States,* 460 U.S. 536, 539–41, 103 S.Ct. 1344, 1346–48, 75 L.Ed.2d 264 (1983) (legal incidence of state sales tax fell on contractor and therefore was valid unless discriminatory); *United States v. New Mexico,* 455 U.S. 720, 733, 735, 102 S.Ct. 1373, 1382, 1383, 71 L.Ed.2d 580 (1982) ("The one constant [in our precedents], of course, is simple enough to express: a State may not, consistent with the Supremacy Clause, U.S. Const., Art. VI, cl. 2, lay a tax 'directly upon the United States.' *Mayo v. United States,* 319 U.S. 441, 447, 63 S.Ct. 1137, 1140, 87 L.Ed. 1504.... [T]ax immunity is appropriate in only one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned.").

In *United States v. Mississippi Tax Comm'n,* 421 U.S. 599, 95 S.Ct. 1872, 44 L.Ed.2d 404 (1975), the Supreme Court discussed the question of where the legal incidence of a state sales tax falls. There, the Mississippi State Tax Commission passed a regulation that required out-of-state liquor distillers and suppliers to collect sales tax on liquor sold to United States military post exchanges. The Court found that post exchanges were federal instrumentalities and then turned to the question of where the legal incidence of the tax fell. The Court set forth the following rule: "where a State requires that its sales tax be passed on to the purchaser and be collected by the vendor from him, this establishes as a matter of law that the legal incidence of the tax falls upon the purchaser." *Id.* at 608, 95 S.Ct. at 1878. The Court found that the legal incidence of the Mississippi sales tax fell on the federal instrumentality. Accordingly, the state sales tax was held to be unconstitutional. *See also Washington v. United States,* 460 U.S. at 538, 103

S.Ct. at 1346 (legal incidence of sales tax fell on "consumer" as defined by state statute); *First Agricultural Nat'l Bank v. Tax Comm'n,* 392 U.S. 339, 347, 88 S.Ct. 2173, 2177, 20 L.Ed.2d 1138 (1968) ("It would appear to be indisputable that a sales tax which by its terms must be passed on to the purchaser imposes the legal incidence of the tax upon the purchaser.").

Before answering the issue presented to us today, we consider the Rhode Island Supreme Court's decision in a factually similar case. *Keystone Auto Leasing, Inc. v. Norberg,* 486 A.2d 613 (R.I. 1985). In *Keystone,* the question presented to the Court was whether a federal government employee who pays for the rental of an automobile with personal funds while on government business may be required to pay the State's sales tax. After reviewing the relevant United States Supreme Court precedent, the Rhode Island Supreme Court concluded:

> What has emerged from these decisions is a "legal incidence" test that requires a determination of who is the "purchaser" upon whom the ultimate burden of the tax will fall. As long as a state makes no claim of right to collection from the federal government or its instrumentalities, a state may impose a tax on those entities dealing for their own purposes with the federal government.

*Id.* at 615. The *Keystone* court applied the legal incidence test and concluded that when federal employees lease automobiles and pay for them with cash or personal credit cards, the legal incidence of the tax falls on the employee, not the federal government. Consequently, the court refused to extend tax immunity under the circumstances. *Id.* at 616; *accord Car Services, Inc. v. Tidwell,* St. Tax Cas. Rep. (CCH) ¶ 250–045 (Tenn. 1976).

We now turn to the issue presented in this case. It is clear from United States Supreme Court precedent that constitutional intergovernmental tax immunity is only properly granted when the legal incidence of a state tax falls directly on the United States. It is also clear that when a

state statute requires a seller to collect a sales tax from a purchaser, the legal incidence of that tax falls on the purchaser. The Maryland Retail Sales Tax Act defines "purchaser" as "any person ... to whom services are rendered." § 324(c). The Act requires the "vendor to collect from the purchaser" a five percent sales tax on the rental of any hotel room. §§ 325, 324(f)(5). In the case at bar, the federal employees were the "purchasers" within the meaning of the Act. They contracted directly with World Inns for the rental of rooms and paid for the rooms with their personal funds. The federal government was in no sense a party to the room rental arrangement. Consequently, the legal incidence of the tax fell on the employees and not on the United States. We therefore hold that because the legal incidence of the tax did not fall directly on the United States, or its agencies or instrumentalities,[4] the

---

4. World Inns argues that federal employees are agencies or instrumentalities of the United States and supports its contention by relying on *United States v. New Mexico*, 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). In *New Mexico*, the Court was faced with the question of whether independent contractors working for the federal government qualified for immunity from state taxation. The Court reiterated its longstanding rule that a state may not place the legal incidence of a tax directly on the United States itself, or its agencies or instrumentalities. *Id.* at 735, 102 S.Ct. at 1383. The Court held that the legal incidence of the tax fell on the contractors, and concluded that the contractors were not agencies or instrumentalities of the United States. In so doing, the Court contrasted contractors with federal employees. *Id.* at 740–41, 102 S.Ct. at 1385–86. World Inns seizes on this dicta and claims that the federal employees involved in the case at bar are federal agencies or instrumentalities. We disagree. As we see it, the Court's reference to federal employees was not intended to indicate that all federal employees are federal agencies or instrumentalities. In prior cases, the Court has held that the American National Red Cross is a federal instrumentality, *Department of Employment v. United States*, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966), that United States Army Post Exchanges are federal instrumentalities, *Standard Oil Co. v. Johnson*, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942), and that the Bank of the United States was a federal instrumentality, *M'Culloch v. Maryland*, 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819). We do not find federal employees to be analogous to these institutions. Moreover, the Supreme Court's decision in *Fresno* supports our position. There, the Court held that the legal incidence of a state tax fell on a federal employee carrying out

rentals of hotel rooms by federal employees in this case were not immune from state sales tax.

## II

■ The second issue we must resolve is whether employees of the State of Maryland who rent hotel rooms in their own names and pay for the rooms with personal funds are exempt from Maryland retail sales tax. World Inns argues that the rentals were exempt under subsection (a) of § 326 of the Act. That subsection exempts from retail sales tax "[s]ales to the State of Maryland or any of its political subdivisions." As we discussed above, the employees renting the rooms in their own names and paying for the rooms with their own funds were the "purchasers." The "sale" of the room was to the State employee, and not to the State of Maryland or one of its political subdivisions. Therefore, the exemption does not apply.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED AND CASE REMANDED TO THAT COURT FOR ENTRY OF JUDGMENT AFFIRMING THE ORDER OF THE MARYLAND TAX COURT. APPELLEES TO PAY THE COSTS.

government business. Nevertheless, the Court held that tax immunity was inappropriate.