Frances S. McMILLIN, et al., Individual Owners of Condominium Residential Units at 2300 Riverside Drive, Tulsa, Oklahoma, Appellants,

v.

STATE of Oklahoma, ex rel., OKLAHOMA TAX COMMISSION, Appellees.

No. 80002.

Supreme Court of Oklahoma.

Jan. 24, 1995.

Rehearing Denied April 20, 1995.

Ted M. Riseling, Eugene P. de Verges, Riseling & Associates, P.C., Tulsa, for appellants.

David Hudson, Marjorie L. Welch, Oklahoma Tax Com'n, Oklahoma City, for appellees.

SUMMERS, Justice:

Some residential condominium owners were charged sales tax on natural gas and electricity to their homes. They sought a refund from the Tax Commission, citing a statute which provides a sales tax exemption for gas and electricity sold for residential use. The Commission dismissed their claims, finding that the owners were not "taxpayers" and thus had no standing to seek refunds. The owners appeal. We reverse, reinstate the claim, and remand.

Appellants are the individual condominium owners and residents of units in the 2300 Riverside Condominium Building in Tulsa. They are also members of 2300 Riverside Unit Owners, Inc., the corporation which has a master meter for the measurement of natural gas and electricity to the building. The owners get gas and electricity to their residential units through the master meter. The corporation is billed monthly for the utility services, and it in turn bills the individual residents on a pro-rata basis, according to the square footage of their condominiums. The residents then remit to the corporation their share of the bill and taxes, and the corporation pays the utility bill. The utility company in turn pays the Oklahoma Tax Commission sales tax. Part of the gas and electricity is used in common areas, but most is used by the individual residents in their residential condominium units.

The Oklahoma Tax Commission charged sales tax for all utility usage in the 2300 Riverside Units, even though most of the services provided were for residential use. The individual residents brought this action seeking a refund for that amount of sale tax charged on the utilities used for residential purposes. *They do not seek a refund for the gas and electricity used in the common areas.*[1] Their argument was based on a statute

---

1. Because appellants do not seek a refund for the utilities used in the common areas, we are not

which provides that the sale of natural gas and electricity, when sold exclusively for residential use, is exempt from sales tax. The Oklahoma Tax Commission did not reach this argument, but held that the individual residents had no standing to seek a refund, as they were not the "taxpayers." Because the taxes were remitted to the utility company by the corporation, rather than by the individual residents, the Commission ruled that the corporation, and not the individual residents, was the "taxpayer." The Court of Appeals affirmed the Tax Commission's ruling in an unpublished opinion. We have granted certiorari.

■ The residents rely on the following statute for their exemption from the sales tax, codified at times relevant here as 68 O.S.1991 § 1357(F): [2]

Exemptions—General

There are hereby specifically exempted from tax levied by this article:

(F) sale of natural or artificial gas and electricity when sold exclusively for residential use after December 31, 1980. . . .

Title 68 O.S.1991 § 227(a) provides that "[a]ny taxpayer who has paid to the State of Oklahoma, through error of fact, or computation, or misinterpretation of law, any tax collected by the Tax Commission may, as hereinafter provided, be refunded the amount of such tax so erroneously paid, without interest." [3] The taxpayer is required to file a claim for the taxes to be refunded. If the refund is refused, the taxpayer can request a hearing. It is not disputed that the residents followed the correct procedure.

Title 68 O.S.1991 § 1352 defines the terms "taxpayer" and "consumer" as follows:

(C) "Consumer" or "user" means a person to whom a taxable sale of tangible personal property is made or to whom a taxable service is furnished. "Consumer" or "user" includes all contractors to whom a taxable sale of materials, supplies, equipment, or other tangible personal property is made to whom a taxable service is furnished to be used or consumed in the performance of any contract.

.    .    .    .    .

(P) "Taxpayer" means any person liable to pay a tax imposed by this article. [4]

Here both the condominium corporation and the individual residents and owners were "consumers" under Section 1352's definition. The corporation was a consumer in that it held the meter in its name. However, the corporation was only the means by which the individual residents and owners obtained utility service. It was the individual residents who were the ultimate consumers and users of the services.

The Tax Commission, in its administrative regulations, apparently contemplated such a situation and determined that it fell within the Section 1357(F) exception. The applicable regulation reads as follows:

Rule 710:65–13–120. Sales Tax Exemption for Residential Use.—(a) Definition. Gas and electricity when sold exclusively for residential use are exempt from state and county sales tax. *The term "residential use" means the use of gas or electricity by the individual customer exclusively for domestic purposes such as lighting, refrigeration, cooking, water heating, space heating and air conditioning, in a private home or individual living unit served through a single meter or a master*

---

faced with the problem addressed in *Autumn House v. State ex rel. Oklahoma Tax Comm'n,* 814 P.2d 1036 (Okla.1991). In *Autumn House,* the "dispositive issue [was] whether the appellants [were] entitled to sales tax exemptions upon the use of natural gas and electricity in the common areas of their apartment complexes for the non-exclusive benefit of their resident tenants." *Id.* at 1037. We held that they were not entitled to the exemption for these common areas. In the present case, appellants' bills are determined by residential square footage, and do not include "common areas."

2.  68 O.S.1991 1357(F) has been renumbered. It is now 68 O.S.Supp.1994 § 1357(6).

3.  After amendment in 1993, Section 227(a) remained the same as it was in the 1991 version.

4.  "Person," used in the definition of "taxpayer," includes corporations. 68 O.S.1991 § 1352(J); *see also Kay Electric Cooperative v. State of Oklahoma ex rel. Oklahoma Tax Commission,* 815 P.2d 175, 178 n. 1 (Okla.1991) (Summers, J., concurring in part and dissenting part).

*metered multi-unit service to buildings appurtenant to the residence including garages, barns, and other minor buildings for use of the residents served through the residential meter.* Residential use does not include use in travel trailer, motor homes or other recreational vehicles.

(b) Private homes or individual living units. Users in a private home or individual living unit, such as apartments, condominiums and townhomes, who are served through a single meter and whose rate has been classified by statute or regulations as a residential are automatically exempt.

(c) Multiple unit dwellings. *Users in a multi-unit apartments, mobile trailer home parks or condominium and townhouse associations who are billed through a master meter, i.e. a single meter for the entire complex, and are taking service under a commercial rate may nevertheless qualify for this exemption providing the gas or electricity is use exclusively for residential use* as defined in (a) of this Section. (emphasis added).

The Tax Commission thus recognized that as a practical matter, associations and corporations would be used by condominium owners and residents to obtain utility service, and that the fact that the utilities were obtained by the association and went through a single meter did not negate the exemption's effect.

Title 68 O.S.1991 § 1361 states that sales tax "shall be paid by the consumer or user." It goes on to state that a "consumer or user who willfully or intentionally fails, neglects or refuses to pay the full amount of tax levied ... shall be subject to a penalty of Five Hundred Dollars ($500.00) per reporting period...." Here, both the corporation and the individual residents are "consumers" and "users" within the code's definitions. The individual residents, as the *ultimate* consumers, are the persons by whom the tax is paid, and the corporation is merely the convenient

means by which to transfer that payment to the vendor utility company.[5]

■ In spite of this, the Oklahoma Tax Commission held that the residents did not have standing to bring the action. Standing to bring an action is determined by whether the party has a legally cognizable interest in the outcome of the controversy. *Fowler v. Bailey,* 844 P.2d 141, 147 (Okla.1992); *Application of State ex rel. Dept. of Transportation,* 646 P.2d 605, 609 (Okla.1982). In *State ex rel. Cartwright v. Oklahoma Tax Comm'n,* 653 P.2d 1230, 1232 (Okla.1982), we held that standing turns on the question of whether the person bringing the action is a proper party to request adjudication.

Section 227 states that any taxpayer who has mistakenly paid an excessive amount of taxes may request a refund. It is the taxpayer who has standing as the proper party to request adjudication. That is exactly what the individual residents did. The residents allege that they mistakenly paid taxes in excess of the amount owing, and have requested a refund. They claim they paid the sales tax to the condominium association, who in turn paid the utility company. Under these circumstances, and in light of the Commission's own regulations contemplating this exact situation, we hold that the individual residents are taxpayers and have standing to bring this action.

*First National Bank of Stillwater v. State ex rel. Oklahoma Tax Comm'n,* 466 P.2d 644, 646–47 (Okla.1970) is instructive on this issue. There, a national bank sought a refund of sales tax paid and a permanent injunction to prevent the collection of future sales taxes. The basis of its action was that under *McCullough v. Maryland,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819), states cannot tax national banks unless authorized by Congress. The Tax Commission realized that they could not in the future tax the national bank, but urged that the bank did not have standing to bring an action for a refund of the sales tax already

---

**5.** This is not meant to imply that the both the individual resident and the corporation are taxed in such a manner to impose double taxation. It simply means that the resident is the ultimate user who remits payment, including taxes, to the corporation. The corporation in turn remits payment, including those taxes paid by the resi-

dent, to the utility company. *See Waterford Energy Inc. v. Oklahoma Tax Comm'n,* 845 P.2d 198 (Okla.Ct.App.1992) (holding that a party merely acting as agent for the principals owing taxes was not the proper party to be assessed a tax and given the duty of collecting the tax).

paid on sales to the bank, because the bank was not the "taxpayer." The Tax Commission urged that the bank's vendor was responsible for remitting the tax, and was thus the "taxpayer" under statute.

This Court held that the bank was indeed the taxpayer, as the "legal incidence of the tax fell upon [the bank]." *Id.,* 466 P.2d at 646. In so holding, the court noted that a "taxpayer" was anyone liable to pay a tax. Because the bank was the entity owing the tax, it was the "taxpayer" and could avail itself of remedies under tax refund statutes.

While not directly on point, *First National Bank* supports our conclusion that under these circumstances, it is the ultimate consumer who is responsible for the tax, and as such is a "taxpayer" within the definition of Section 1352. As in *First National,* the individual residents have standing to bring the action for a refund. The Tax Commission attempts to distinguish the case by arguing that, unlike the present case where the corporation is the "middleman" between the utility company and the ultimate users, the bank there was the single purchaser. We find this to be a distinction without a difference. Regardless of the residents' status as the second purchasers, it is the residents who ultimately use the utilities and are responsible for their own utility bills.

Our holding is also supported by *Pioneer Telephone Co-operative v. Oklahoma Tax Commission,* 832 P.2d 848, 851 (Okla.1992) wherein we stated that the "taxable event, the sale of the service, occurs when the cooperative member receives the service and incurs the obligation to pay consideration, the monthly charge, for telephone service." Similarly, in today's case the taxable event occurs when the resident, as consumer of the utilities, incurs an obligation to pay for the service.

In light of the Tax Commission's dismissal no determination was made as to whether the Section 1357(F) exemption applied to these particular residents, thus entitling them to a refund. No party has had an opportunity to present evidence. Thus, we do not address the substantive issue of whether these appellants are entitled to refunds, and if so, the amount of such refunds.

*See, Matter of Estate of Pope,* 808 P.2d 640, 642 n. 6 (Okla.1990); *Modern Woodmen of America, Camp No. 6967 v. Tulsa Modern Woodmen Build. Ass'n,* 264 P.2d 993 (Okla. 1954).

The opinion of the Court of Appeals is vacated. The Tax Commission's order of dismissal is reversed and the claims reinstated. The matter is remanded to the Oklahoma Tax Commission for merits consideration.

WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in result.

SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. I believe the Tax Commission correctly dismissed the individual owners for lack of standing to seek refunds of the sales taxes paid to the utilities by Riverside Unit, Inc., and I would deny certiorari.

Only "taxpayers" may seek a refund of taxes paid in error and under our statutes, 68 O.S.1991, §§ 227 and 1352, the corporate association, Riverside Unit, Inc., is the only taxpayer.

The exemption from sales tax provided by 68 O.S.1991, § 1357(F) which appellants claim is applicable to them as individuals, may not be enforced in this manner as "ultimate consumers" are not proper parties to enforce tax refund claims for taxes paid by another who was liable for them. There is no statutory authority which supports the majority position and the decisions it cites are not applicable to this situation.

The corporation, Riverside Unit, Inc., contracted with the utilities to receive and pay for the services and paid the sales tax thereon. The individual appellants were not the purchasers of utilities on which the sales tax at issue was paid. Appellants were not the persons owing or liable for the sales tax on the utilities and they were not "consumers" or "users" under 68 O.S. § 1352. The Tax Commission could not have proceeded

against Appellants to collect the tax if the situation had been reversed and additional tax liability was asserted. Riverside Unit, Inc., was not joined as a party before the Tax Commission and the Commission's ruling is correct and should be affirmed.

I am authorized to state that Justice Hargrave joins me in the views expressed herein.