**ENTERPRISE SCHOOL PHOTOS, INC., Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

**No. 83216.**

Court of Appeals of Oklahoma, Division No. 3.

May 23, 1995.

Jody R. Nathan, Feldman, Hall, Franden, Woodard & Farris, Jerry Reed, Tulsa, for appellant.

David Hudson, Gen. Counsel, Marjorie Welch, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

## OPINION

GARRETT, Chief Judge:

■ Appellant, Enterprise School Photos, Inc. (Enterprise), appeals the February 10, 1994 order of the Appellee, the Oklahoma Tax Commission (OTC), which affirmed the February 10, 1992 order of an Administrative Law Judge (ALJ) denying its protest of an assessment of sales tax, interest and penalties. The order amended the amount of the assessment to $98,370.81, and otherwise adopted the ALJ's Findings, Conclusions and Recommendations contained in the February 10, 1992 order.[1]

Enterprise is a company which takes photographs of students. It generally enters into an agreement with schools or school districts which allows Enterprise to come onto the school premises to take the photographs. Enterprise and its predecessors have been in this business for more than 40 years. Until 1987, sales of the student photographs were subject to an assessment of sales tax under the Oklahoma Sales Tax Code, 68 O.S.1981 § 1350 et seq. In 1987, 68 O.S.1981 § 1356 was amended to add an exemption for sales of tangible personal property by schools. See 68 O.S.Supp.1987 § 1356(L).[2] In September, 1987, Enterprise requested advice from OTC due to the change in the law. Enterprise received a letter dated November 13, 1987, from the Sales Tax Administrator of the OTC which provides:

> The purpose of this letter is to clarify the sales taxable status of school photos. It is my understanding that the typical arrangement between the photography studio and a public school is as follows:
>
> 1. An agreement is made with the photographer to come on campus for portrait sittings with the student body.
>
> 2. School staff takes the orders and payments for the pictures.
>
> 3. The school retains a certain percentage markup as a fund-raiser and pays a stated price per picture package to the studio.

> •     •     •     •     •

> The language of 1356(L) clearly exempts a public or private school from collecting and remitting Oklahoma sales tax on the sale of tangible personal property for fund-raising purposes. Your company may sell picture packets to the school exempt from sales tax.

> The school may sell those pictures to the students and not be required to collect and remit sales tax pursuant to the provisions of 1356(L).

> If the studio sells tangible personal property directly to the students, the exemption in 1356(L) would *not* apply. (Emphasis in original).

In reliance on the letter, Enterprise ceased charging and remitting sales tax on sales of photographs. On October 29, 1990 and November 2, 1990, OTC issued letters of proposed assessments for additional tax, interest and penalty in the amount of $116,937.53, for the period September 1, 1989 through September 30, 1990. Enterprise contends OTC

---

1. A prior appeal by Enterprise was dismissed as premature on November 23, 1992, by the Supreme Court in Case Number 79,730, without prejudice to representment after an assessment was made in an amount certain.

2. 68 O.S.Supp.1989 § 1356(L), substantially similar to the 1987 statute, provides:

> There are hereby specifically exempted from the tax levied by this article:
>
> •     •     •     •     •
>
> (L) Sales of tangible personal property made by:
> 1. A public school;
> 2. A private school offering instruction for grade levels kindergarten through twelfth grade;
> 3. A public school district;
> 4. A public or private school board;

5. A public or private school student group or organization;
6. A parent-teacher association or organization; or
7. Public or private school personnel for purposes of raising funds for the benefit of a public or private school, public school district, public or private school board or public or private school student group or organization.

> The exemption provided by this subsection for sales made by a public or private school shall be limited to those public or private schools accredited by the State Department of Education or registered by the State Board of Education for purposes of participating in federal programs. Sale of tangible personal property in this paragraph shall include sale of admission tickets and concessions at athletic events; ....

changed its position after the November 13, 1987 letter was sent and that OTC should be estopped from assessing the tax retroactively because it knew Enterprise had relied upon the letter.

The agreement between Enterprise and a particular school could be made in one of several ways. For purposes of the hearing before the ALJ, the two types of agreements which were pertinent were designated the "Tulsa method of accounting" and the "Oklahoma City method of accounting". Under the Tulsa method, the school collected the money from the students for the photographs and paid Enterprise its share, first deducting the school's commission. Under the Oklahoma City method, the students turned in their money to the school, and the school delivered it to Enterprise's photographer on picture day. The checks from the students were made payable to Enterprise. Approximately two to four weeks after the money was deposited into Enterprise's account, Enterprise mailed a check to the school for its portion of the proceeds. The amount of any returned checks for which payment was not received was deducted from the school's commission.

Enterprise argues it is irrelevant which method of accounting is used because its contracts were made with the schools, not the students. It contends the exemption is applicable to all of its contracts. The OTC conceded at the hearing that the sales made under the Tulsa method constituted sales to schools and were thus exempt from sales tax. Therefore, only the sales using the Oklahoma City method are at issue in this case.

The ALJ made the following findings of fact and conclusions of law:

> 3. Title 68 O.S.1991, § 1361(A) provides that "[t]he tax levied by this article shall be paid by the consumer or user to the vendor as trustee for and on account of this state...." A consumer is "a person to whom a taxable sale of tangible personal property is made...." 68 O.S.1991, § 1352(C). *The determinative issue in the instant protest is to whom the sale of photographs was made, the students or the schools.* (Emphasis added).

> 4. While Protestant maintains that the school is the consumer of the photographs, and exempt from taxation, the contract on which Protestant relies to support its position does not substantiate that the sale is made to the school. The agreement entered between Protestant and the school contains no language of a sale. It is merely an agreement specifying the date the photos will be taken, designating the picture packages selected by the school to be offered for sale to the students, and indicating the additional items that will be provided to the school. The school arranges for photographs to be taken of the students, but a sale of photographs is not made to the school, nor is the school the consumer of the photographs.

> 5. The consumers of the photographs are the students. The taxable sales of tangible personal property are made to the students, who in turn transfer valuable consideration to the Protestant. The fact that the schools collect the money from the students and distribute the photographs to the students is of no effect. Oklahoma Tax Commission Permanent Rule 13.017.18 addresses such arrangements and governs this protest. It reads:

>> Taxable services and sales of tangible personal property of commercial photographers and others providing photographic services include gross receipts from:

>> \*     \*     \*     \*     \*     \*

>> F. Sales of photographs to students through schools, even though school personnel may participate by collecting payments from students.

> 6. The students, as consumers, were responsible for the payment of sales tax pursuant to 68 O.S.1991, § 1361(A). Protestant's failure to collect sales tax from the students renders Protestant liable for the sales tax pursuant to Section 1361(A)....

We first address the issue whether OTC reversed its position as to longstanding interpretations as a means to assess additional sales taxes. Enterprise cites *Oral Roberts University v. Oklahoma Tax Commission*, 714 P.2d 1013 (Okl.1985) and *Mazzio's Corporation v. Oklahoma Tax Commission*, 789

P.2d 632 (Okl.App.1989), for authority that such a reversal in position cannot be done without cogent reason. The letter from OTC to Enterprise states the exemption is available if it sells picture packets *to the school*. The letter also clearly provides there is no exemption "[i]f the studio sells tangible personal property *directly to the students . . . .*" (Emphasis added). Therefore, OTC advised Enterprise of the possibility that a taxable event could occur if the contract is made with the students, rather than the schools.

Enterprise adamantly argues there is no contract made with students, only with the schools. However, under Oklahoma law, as a threshold issue, a determination must be made as to who the "consumer" or "user" is, and thus, who is responsible for the tax. Enterprise admits it makes different types of agreements with schools and school districts. This is also evident in the reference at the hearing to the "Tulsa method" and the "Oklahoma City method" of accounting. When Enterprise agreed to allow school officials to bypass the accounting and handling of the money for the photographs, it, in effect, agreed to sell the photographs to the students directly. Obviously, there would be no agreement possible without the school's initial involvement. However, when Enterprise agreed with the school to deal directly with the students, its contract was then between itself and the students.

■ Although there may be more than one consumer, "it is the ultimate consumer who is responsible for the tax, and as such is a 'taxpayer' within the definition of Section 1352." *Frances S. McMillin, et al. v. State of Oklahoma, ex rel. Oklahoma Tax Commission*, 894 P.2d 1060 (Okl.1995). See also *Pioneer Telephone Co-operative v. Oklahoma Tax Commission*, 832 P.2d 848 (Okl.1992). There is no basis for an exemption of sales tax for sales of photograph packages *to students*.

■ An order of the OTC which is supported by substantial evidence and is free from legal error will not be reversed on appeal. See *Dugger v. Oklahoma Tax Commission*, 834 P.2d 964 (Okl.1992). The order on appeal is supported by substantial evidence and is free from legal error. We offer no opinion as to any contracts made under the "Tulsa method of accounting".

AFFIRMED.

HUNTER and ADAMS, JJ., concur.