Dear Senator Dunlap,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a municipality adopt an ordinance imposing a tax, such asa hotel room tax, on the federal government, the State ofOklahoma, its political subdivisions or other tax exemptentities?
 I. Municipalities' Power To Tax
¶ 1 "Our Constitution vests the whole matter of taxation exclusively within the power of the Legislature as limited by the Constitution." City of Sand Springs v. Dep't. of Pub. Welfare,608 P.2d 1139, 1148 (Okla. 1980). The Oklahoma Constitution authorizes the Legislature to grant the power to assess and collect taxes to counties, cities, towns and other municipal corporations. Okla. Const. art. X, § 20. Pursuant to this authority, the Legislature has authorized municipalities "to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes." 68 O.S. 2001, § 2701[68-2701](A).1 The Legislature has the power to levy and collect license, franchise, gross revenue, excise, income, inheritance, stamp, registration, production or other specific taxes. Okla. Const. art. X, § 12. Section 2701(A) of Title 68 allows municipalities to levy and collect taxes in the same manner as the Legislature. Okla. Ass'n for EquitableTaxation v. City of Oklahoma City, 901 P.2d 800, 805 (Okla. 1995) (holding that a city may create classes of taxpayers for the purpose of the municipal sales tax). Since the power of municipalities to tax is derived from the Legislature, any constitutional limitations on the State's power to tax would apply equally to municipalities.
 II. Distinction Between Tax Immunity And Tax Exemption ¶ 2 As a preliminary matter, it may be helpful to distinguish between tax immunity and tax exemption. A tax exemption exists when the Legislature acts affirmatively to remove a tax from a specific entity that would otherwise be subject to the tax. Bd. of Comm'rs v. Okla. Tax Comm'n, 95 P.2d 605, 607 (Okla. 1939) ("[A]n exemption from taxation will not be created by implication, but must be granted in terms too plain to be mistaken."). On the other hand, tax immunity is a constitutional doctrine that prohibits direct taxation of the federal government. First of McAlester Corp. v. Okla. Tax Comm'n, 709 P.2d 1026, 1030 (Okla. 1985). For example, although State tax statutes frequently contain specific exemptions for the federal government, the federal government would be immune from direct taxation even though a specific exemption did not appear in the State statutes.2 III. Tax Immunity Of State And Federal Governments
¶ 3 The federal government is immune from state taxation under the Supremacy Clause, U.S. Const. art. VI, cl.2. See McCullochv. Maryland, 17 U.S. (4 Wheat.) 316, 435-36 (1819). The Supreme Court explained the current state of the federal government's tax immunity as follows:
 [U]nder current intergovernmental tax immunity doctrine the States can never tax the United States directly but can tax any private parties with whom it does business, even though the financial burden falls on the United States, as long as the tax does not discriminate against the United States or those with whom it deals.
South Carolina v. Baker, 485 U.S. 505, 523 (1988).
¶ 4 The Court stated that the "rule with respect to state tax immunity is essentially the same." Id. The Court noted that the scope and the sources of state and federal immunities are different in that state immunity arises from state sovereignty, whereas the federal immunity arises under the Supremacy Clause.Id. at 518 n. 11. "[F]ederal and state tax immunity cases have always shared the identical methodology for determining whether a tax is `on' a government." Id.
¶ 5 "[T]ax immunity is appropriate in only one circumstance: when the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." UnitedStates v. New Mexico, 455 U.S. 720, 735 (1982) (holding government contractors, as independent taxable entities, are not protected by the Constitution's guarantee of federal supremacy, and are subject to state taxes if the legal incidence of the tax falls on the contractor even though the economic burden of the tax falls on the federal government and the taxes are paid with government funds). Id. 739-41. See also United States v.County of Fresno, 429 U.S. 452, 453 (1977) wherein the Court held a county could collect a property tax from United States Forest Service employees for their possessory interests in houses located on federal property in national forests and furnished to them as part of their compensation. The Court reasoned as follows:
 The "legal incidence" of the tax involved in this case falls neither on the Federal Government nor on federal property. The tax is imposed solely on private citizens who work for the Federal Government. The tax threatens to interfere with federal laws relating to the functions of the Forest Service only insofar as it may impose an economic burden on the Forest Service — causing it to reimburse its employees for the taxes legally owed by them. . . .
Id. at 464.
¶ 6 The "legal incidence" analysis is used to determine whether or not an entity is a "taxpayer." See First Nat'l Bank v. Stateex rel. Okla. Tax Comm'n, 466 P.2d 644, 646-47 (Okla. 1970) (holding that where the legal incidence of the sales tax fell upon a bank, the bank was a "taxpayer" entitled to file a claim for a refund). The "legal incidence" test, used by the federal courts in cases involving state attempts to tax the federal government, has also been applied with respect to taxation of the state by political subdivisions. See A.G. Opin. 69-342, 22 (holding a municipality may impose a city sales tax on State-owned retail outlets operated on State-owned property by virtue of the authority granted under Section 2701, because the incidence of the sales tax is on the consumer rather than the State and thus the tax would "not offend the doctrine of implied immunity"); A.G. Opin. 79-319, 529 (State agencies situated within the corporate limits of a municipality may not deduct franchise taxes from their monthly electric bills, because the legal incidence of the tax is on the electrical public utility, not the rate payers, including State agencies).
Tax Immunity as Applied to Hotel Room Taxes
¶ 7 You ask specifically about the legality of a municipal hotel room tax imposed upon the federal or State Government. Cities have the authority under Section 2701 of Title 68 to levy a hotel occupancy tax. A.G. Opin. 70-118, 50. Hotel room taxes are excise taxes. See City of Oklahoma City v. Habana Inn,753 P.2d 400, 402 (Okla.Ct.App. 1987). Typically, the tax is paid by the individual occupying the room to the hotel operator, who remits the tax to the municipality; the hotel is liable if the taxes are not remitted. See id.
¶ 8 The issue is whether the tax could be applied to a federal or State government employee who is traveling on government business. It has been held that the legal incidence of a State sales tax imposed upon rentals of hotel rooms falls upon federal employees who rent such rooms and pay for their rooms with personal funds, even when they are traveling on government business and will be reimbursed for the rooms by the federal government, and thus rentals of hotel rooms by federal employees are not immune from State sales tax. Comptroller of the Treasuryv. World Inns, Inc., 528 A.2d 477, 481 (Md. 1987); See alsoUnited States v. Montgomery County, Md., 761 F.2d 998, 1002
(4th Cir. 1985) (holding a county tax on hotel accommodations falls on the occupant of the room and therefore tax was not invalid under supremacy clause due to fact of reimbursement by an agency of the United States); Keystone Auto Leasing, Inc. v.Norberg, 486 A.2d 613, 616 (R.I. 1985) (holding where federal employees rented automobiles and paid with cash or personal credit cards, the legal incidence of the sales tax was on the employees, not on the federal government, and such transactions were subject to sales tax). But see Alachua County v. Dep't ofRevenue, 466 So.2d 1186, 1188 (Fla.Dist.Ct.App. 1985) (holding where a statute specifically exempts counties from the tax, the rental of hotel rooms to county employees on authorized travel, who are to be reimbursed by the county, is exempt from the hotel tax).
¶ 9 For purposes of administering the State sales tax, Oklahoma follows a rule similar to the holding in Keystone. Pursuant to OAC 710:65-13-130(a), sales to the State and its political subdivisions and to the United States are exempt from sales tax; however, sales to individuals who are employees of such governmental entities are taxable unless the sale is billed directly to the government agency or the purchase is by means of a government purchase order or government credit card.3Id. 710:65-13-130(a)(2). This rule is used for purposes of illustration only as the sales tax is distinct from a hotel occupancy tax. The rental of a hotel room may be subject to both a sales tax on the rental of the room and a tax on the occupancy of the room.
¶ 10 In summary, the State and federal governments are immune from taxation by municipalities, but if the legal incidence of the tax falls on an entity other than the State or federal government, such tax is valid even if the government bears the economic burden of the tax. A hotel occupancy tax may be imposed on State and federal government employees if the legal incidence of the tax is not on the government, as for example, when the employee pays for the room and is reimbursed by the government.
 IV. Political Subdivisions And Other Tax Exempt Entities
¶ 11 You also ask about the legality of a municipal ordinance that taxes political subdivisions or other tax exempt entities. "Political subdivisions" include municipalities, school districts, and counties. 51 O.S. 2001, § 152[51-152] (8)(a)-(c); 75O.S. 2001, § 250.3[75-250.3] (13). The property of counties and municipalities of this State are exempt from property taxes. Okla. Const. art. X, § 6(A). This exemption does not include other types of taxes, such as excise taxes. In re City of Enid,158 P.2d 348, 352 (Okla. 1945) (holding city liable for sales tax on gross proceeds from the sale of admissions to city swimming pool); City of Claremore v. Okla. Tax Comm'n,169 P.2d 299, 303 (Okla. 1946) (holding city liable for sales tax on sales of electricity to city residents); City of Ardmore v.State ex rel. Okla. Tax Comm'n, 32 P.2d 728, 736 (Okla. 1934) (gasoline purchased and used by a municipality is not exempt from the gasoline excise tax).4 "[A]n exemption from taxation will not be created by implication, but must be granted in terms too plain to be mistaken." Bd. of Comm'rs v. Okla. Tax Comm'n,95 P.2d 605, 607 (Okla. 1939) (holding tractor leased by county is not exempt from motor registration fee and excise tax).
¶ 12 There must be an express exemption from municipal taxation stated in the Oklahoma Statutes, the Oklahoma Constitution, or in the municipality's code for a political subdivision, such as a city, county, or school district, to claim an exemption from a tax imposed by a municipality. The same rule applies to other entities that are commonly exempt from taxes under various tax codes, such as religious and charitable organizations.
¶ 13 "Tax exemptions . . . are matters of legislative grace subject to the controlling authority of either the [United States] Constitution or the Oklahoma Constitution." R.R. Tway,Inc. v. Okla. Tax Comm'n, 910 P.2d 972, 978 (Okla. 1995). In addition to exemptions for property owned by governmental entities, Okla. Const. art. 10, § 6(A) also includes exemptions for other entities, such as property used exclusively for religious and charitable purposes. This property tax exemption, however, does not apply to excise taxes. See In re Baptist Gen.Convention, 156 P.2d 1018, 1019 (Okla. 1945) (holding religious organization subject to motor vehicle excise tax) and Okla. Tax Comm'n v. Sisters of the Sorrowful Mother,97 P.2d 888, (syllabus ¶ 2) (Okla. 1939) (holding a nonprofit Catholic hospital subject to use tax). The right to an exemption from any specific tax must be found in the Constitution, statutes or municipal code. For example, municipalities may not impose any tax upon persons, firms, or corporations exempted from taxation under 68 O.S. 2001, § 2701[68-2701] (A)(3). See 36 O.S. 2001, §§348.1[36-348.1], 624, 321.
¶ 14 Pursuant to 68 O.S. 2001, § 2702[68-2702], if a municipality enters into an agreement with the Oklahoma Tax Commission ("OTC") to collect the municipal tax, the agreement must provide that the collection of such tax will be in the same manner and in accordance with the administration and collection by the OTC of any similar State tax except as provided by agreement. This provision may require a municipality that enters into such an agreement to exempt from its tax the same entities as are exempted under State law for a similar State tax. Id.
¶ 15 In summary, there is no immunity from tax for political subdivisions or for non-governmental entities, such as religious or non-profit organizations. Such entities are exempt from taxes only by specific constitutional provision or specific legislative enactment. As municipalities have been delegated the same authority to tax as the Legislature under 68 O.S. 2001, § 2701[68-2701],
municipalities may tax such entities unless there is a specific legislative provision prohibiting such municipal taxation.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Legislature has granted municipalities the power tolevy and collect taxes for purposes of municipal government. 68O.S. 2001, § 2701. A municipality may not adopt an ordinancethat levies a tax directly on either the federal government (U.S.Const. art. VI, cl.2) or on the State government. A municipal taxwill not violate the governmental immunity doctrine if the legalincidence of the tax is not on the federal or State government,even if the economic burden of the tax is on the government. Ahotel occupancy tax may be imposed on State and federalgovernment employees if the legal incidence of the tax is not onthe government, as, for example, when the employee pays for theroom, even if the employee is later reimbursed by thegovernment.
 2. There is no immunity from taxes for political subdivisionsof the State or for non-governmental entities. Such entities areexempt from State or local taxes only by express language in theOklahoma Constitution, Oklahoma Statutes, or municipal code. Amunicipality may adopt an ordinance taxing such entities subjectto any specific limitations that may be imposed by the OklahomaConstitution or Oklahoma Statutes.
W.A. DREW EDMONDSON Attorney General Of Oklahoma
KATHRYN BASS Assistant Attorney General
1 The Legislature has also authorized counties to levy a sales tax and a lodging tax, provided that all items exempt from State sales tax are to be exempt from the county sales tax. 68O.S. 2001, §§ 1370[68-1370] (A), (B); 1370.9.
2 In addition to the intergovernmental tax immunities described herein, there may be circumstances where tribal sovereign immunity may apply. Okla. Tax Comm'n v. Citizen BandPotawatomi Indian Tribe, 498 U.S. 505, 509 (1991). Under tribal sovereign immunity, the State may not tax sales to tribal members that occur on tribal lands. The same rule would also prohibit municipal taxation of such sales. Id. at 512.
3 Other states have followed this position. See Alaska Op. Att'y Gen. No. 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 (1989) ("The state is considered to be the `purchaser' of [a] hotel room or car rented for use by a state employee when payment is made `directly' from the state to the seller. . . . [T]he state will not be considered the purchaser of a hotel room when a state employee pays for it with his or her travel per diem allowance, even though the source of the allowance is the state.") But see Cal. Op. Att'y Gen. No. 91-1210 (1992) (A city may levy an occupancy tax on a state employee who, while on state business, contracts for a hotel room and submits payment for the room with a state-issued check because the incidence of the tax is on the employee, not the state, even when the state pays for the room directly.).
4 Under current law, municipalities are exempt by statute from taxes on motor fuel for vehicles leased or owned and being operated for the sole benefit of the municipality. 68 O.S. 2001,§ 500.10[68-500.10] (7).